[No. 35103.   Department One.   December 24, 1959.]

JOHN M. HINDS, *Respondent*, v. RON K. JOHNSON *et al.*, *Appellants.*[1]

[1]Reported in 347 P. (2d) 828.

*Ferguson & Burdell* and *W. Wesselhoeft,* for appellants.

*Maslan, Maslan & Hanan* and *Bernard D. Greene,* for respondent.

MALLERY, J.—This is an action for damages for personal injuries arising out of an automobile collision on November 9, 1957. From a verdict and judgment for the plaintiff, the defendants appeal.

Appellants do not question their liability or the facts concerning the accident itself. Their assignments of error relate to the competency of the evidence relied upon to prove the nature and permanency of the respondent's injury and the amount of damages suffered thereby.

The respondent's principal injury is diplopia or double vision. The question raised by the assignments of error is whether there was competent evidence to sustain the jury finding that the respondent's diplopia is permanent.

An opthalmologist, who examined respondent solely for the purpose of giving evidence at the trial, testified that respondent's condition of diplopia might or *might* not completely clear up; that he *might* continue to have periodic double vision; that such conditions did not always clear up completely; and that "It *is quite probable* that it will *not* improve completely." (Italics ours.) The quoted testimony, if competent and if believed by the jury, would be sufficient to sustain the verdict.

The test of competency of a doctor's testimony regarding medical examinations not made for the purpose of treating a patient is laid down in *Petersen v. Department of Labor & Industries,* 36 Wn. (2d) 266, 217 P. (2d) 607. The rule is that a doctor, who examines a plaintiff for the sole purpose of testifying at the trial, must base his testimony upon objective or clinical findings, rather than the history

of the case as related by the plaintiff, or the subjective symptoms described by him.

■ The rationale of this rule is that a patient seeking treatment knows that he serves his own best interest by telling the truth in order that his doctor may arrive at a correct diagnosis of his ailment. This high warranty of truthfulness is the basis for making such testimony an exception to the hearsay rule. However, where a plaintiff seeks a doctor's testimony for use in a trial in order to recover damages and no treatment is to be given, the plaintiff's best interest, in terms of the amount of damages recoverable, is served by exaggerating his symptoms and disabilities to the doctor. Such out-of-court statements logically have no warranty of trustworthiness, and a doctor's testimony, to the extent that it is based upon them, is properly inadmissible under the hearsay rule.

Our issue, simply stated, is whether or not an eye examination with complicated lens instruments is subjective or objective under the rule. It arises out of the necessity of obtaining answers from the patient as to what he saw after each adjustment of the instruments used by the doctor. Such an examination is certainly not objective in the sense that no voluntary patient response is required, and in this it is unlike the objective ascertainment of such medical data as temperature, blood pressure, and the like.

Objective symptoms, in ordinary cases, are those within the independent knowledge of the doctor, because they are perceptible to persons other than a patient. Subjective symptoms are those perceived only by the senses and feelings of a patient. The doctor must be told of them because he cannot himself perceive them.

Three doctors testified in this case. One had examined the respondent for the purpose of treating him, one in order to testify for the appellants, and one to testify for the respondent. The examinations were similar in their techniques. This type of an eye diagnosis requires the use of instruments. It is abundantly clear, from the testimony of all of the doctors, that the respondent's answers as to what he saw, according to the various complicated adjustments

of the instruments, were an indispensable part of the examination, since no one knows what a person sees but himself. Notwithstanding the subjective aspect of the respondent's responses, all the doctors agreed that no patient could deliberately deceive a doctor, and thus secure a favorable diagnosis, by giving false answers, because no layman would know what kind of responses would serve such a purpose. Thus, such an examination is incapable of manipulation by a patient.

This being so, this particular type of eye examination, with its high warranty of trustworthiness, falls under the rationale of the rule applicable to objective symptoms, and, hence we hold it to be competent evidence to support the verdict.

We do not find appellants' other assignments of error relating to the admissibility of evidence to be meritorious or to require discussion. The errors, if any, were nonprejudicial and could not have affected the verdict.

The judgment is affirmed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.