IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| JOSEPH E. CRISS, | No.  55059-8-II |
| Appellant, | |
| v. | |
| THE DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, | UNPUBLISHED  OPINION |
| Respondent. | |

WORSWICK, J. — Injured worker Joseph Criss appeals a superior court order reversing the Board of Industrial Insurance Appeals' decision and remanding with further instructions. After the Department of Labor and Industries (Department) closed his claim with a 25 percent permanent partial disability award, Criss appealed to the Industrial Insurance Appeals Board (IIA Board).  An Industrial Appeals Judge (IAJ) entered a proposed order reversing the Department award and stating that Criss was totally disabled.  The Department appealed to a three-member review board (Board), which entered a final order stating that the Department decision must stand because the members could not agree.

Criss argues that: (1) the Board erred by not including findings of fact and conclusions of law in its final order, (2) the superior court erred in remanding the case to the IIA Board with instructions to issue findings and conclusions, and (3) a divided Board must affirm the IAJ's decision, not the Department's decision.  We affirm the superior court's decision.

FACTS

Joseph Criss injured his shoulder on July 1, 2004 while working as a tile-setter. The Department provided Criss with vocational assistance and trained him for a small-engine repair job, which was approved by his physician. Criss completed the training plan and found employment performing small-engine repairs. However, Criss was fired after two weeks because his employer required him to pull-start engines and move tractors and other heavy items—tasks that were beyond his capabilities. Criss did not find another job that did not require him to lift heavy items with an appropriate wage.

The Department closed Criss's claim on February 5, 2018, with a permanent partial disability award of 25 percent. Criss appealed the Department's award to the IIA Board.

The IIA Board assigned an IAJ to review the Department's disability award. The IAJ held an evidentiary hearing and issued a proposed decision and order reversing the Department's order, ruling that Criss had a permanent total disability. The Department petitioned for review with the Board. The Board granted review, but one of the three board members recused herself from the case due to a conflict. The remaining two board members could not agree on the outcome of the case, so they issued a decision and order upholding the Department's decision: that Criss had a permanent partial disability. The Board's decision did not include findings of fact or conclusions of law but rather stated that "[t]he Department order must stand because a majority of the Board members have not agreed on the final disposition of the Department order on appeal." Clerk's Papers (CP) at 14.

Criss appealed the Board's decision to the superior court. Although the parties agreed that the Board erred in not entering findings of fact and conclusions of law, they disagreed about the proper decision where the Board could not agree. The Department asked the superior court to remand the case to the Board to enter findings and conclusions. On the other hand, Criss asked the superior court to remand to the Board with instructions to adopt the IAJ's decision along with the IAJ's findings and conclusions. The superior court reversed the decision of the Board and remanded the case with the following instructions:

1.      Make findings of fact and conclusions of law consistent with the
        [Department's order]; and

2.      Enter a Decision and Order consistent with those findings of fact and
        conclusions of law.

3       Alternatively, to issue a new order with findings of fact and conclusions of
        law if the two Board members are able to agree on a decision.

CP at 825.

Criss appeals the superior court's decision.

ANALYSIS

I. STANDARD OF REVIEW

The Industrial Insurance Act (IIA) governs claims arising from injuries sustained during work. RCW 51.04.010. Under the IIA, the ordinary civil standard of review governs workers' compensation appeals, so we review the superior court's decision rather than the decision of the Board. *Birgen v. Dep't of Lab. & Indus.*, 186 Wn. App. 851, 855-56, 347 P.3d 503 (2015). We review whether the superior court's findings are supported by substantial evidence and whether those findings support the conclusions of law. *Birgen*, 186 Wn. App. at 856. Conclusions of law

are reviewed de novo. *Birgen*, 186 Wn. App. at 856. Because this appeal involves only questions of law, we review the superior court's decision de novo. *Birgen*, 186 Wn. App. at 857.

## II. APPEALS TO THE BOARD

A worker may appeal the Department's decision or award to the IIA Board. RCW 51.52.060 (1)(a). The IIA Board assigns an IAJ to conduct an evidentiary hearing and issue a proposed order and decision with findings of fact and conclusions of law. RCW 51.52.104. Either party may petition the Board to review the IAJ's decision, and the Board may grant or deny the petition. RCW 51.52.106. If the Board grants review, the order "shall contain findings and conclusions as to each contested issue of fact and law." RCW 51.52.106. On appeal to the IAJ and the Board, the burden of proof is on the party asserting that the decision was in error. RCW 51.52.050(2)(a). Either party may appeal the Board's decision to the superior court. RCW 51.52.110, .115.

## III. THE BOARD WAS REQUIRED TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW

Criss argues that the Board erred by not entering findings of facts and conclusions of law. We agree.

RCW 51.52.106 requires that "[e]very final decision and order rendered by the [B]oard shall be in writing and shall contain findings and conclusions as to each contested issue of fact and law, as well as the [B]oard's order based thereon." The Board's final decision must be supported by the evidence on the record. RCW 51.52.115; WAC 263-12-145(5)(ii); *Harder Mechanical, Inc. v. Tierney*, 196 Wn. App. 384, 392-93, 384 P.3d 241 (2016); *Chalmers v. Dep't of Lab. & Indus.*, 72 Wn.2d 595, 602-03, 434 P.2d 720 (1967). On appeal, the superior court may only

consider the record developed by the IIA Board. RCW 51.52.115. The decision of the Board is presumed prima facie correct, and the burden is on the party asserting error. RCW 51.52.115. The superior court may only reverse a decision if it finds that, by a preponderance of the evidence, the Board's "'findings and decision are erroneous.'" *Dep't of Lab. & Indus. v. Rowley*, 185 Wn.2d 186, 200, 378 P.3d 139 (2016) (quoting *Gorre v. City of Tacoma*, 184 Wn.2d 30, 36, 357 P.3d 625 (2015)).

Criss correctly asserts that without findings, it is impossible for him to know what decided issues are prima facie correct or how limited the scope of the superior court inquiry is. Not only are findings and conclusions necessary under RCW 51.52.106, but it would be impossible for the superior court or this court to apply the proper standard of review without the findings and conclusions. Without them, there is nothing to review.

Because the statute expressly requires findings and conclusions to be included in the Board's order, and because the lack of findings and conclusions leaves us with no mechanism for review, we hold that the Board erred in not including findings and conclusions.

## IV. THE SUPERIOR COURT CORRECTLY REMANDED THE CASE TO THE BOARD

Criss argues that the superior court erred when it remanded the case back to the Board to issue findings of fact and conclusions of law consistent with its decision. We disagree that the trial court's remand instructions were erroneous.

In workers' compensations appeals, the superior court's inquiry is limited to issues actually decided by the Board. *Lunz v. Dep't of Lab. & Indus.*, 50 Wn.2d 273, 275, 310 P.2d 880

(1957). The superior court is also limited to the findings and decision of the Board. RCW 51.52.115.

Both Criss and the Department incorrectly characterize the superior court's instructions on remand. The superior court provided the Board with an option to either issue findings and conclusions consistent with its decision or issue a *new* decision with findings and conclusions if the remaining two Board members can agree.

The superior court's decision is consistent with the overall statutory scheme of the IIA. RCW 51.52.106 requires a Board to issue findings and conclusions in its final decision. Then, that decision is appealable to the superior court. RCW 51.52.110. On appeal, courts presume that the findings and decision of the Board are prima facie correct and if the court determines that "the [B]oard acted within its power and has correctly construed the law and found the facts, the decision of the [B]oard shall be confirmed;" otherwise, the court must modify or reverse the order. RCW 51.52.115. Therefore, the statutory scheme creates an avenue for judicial appeal that *presumes* the existence of findings and conclusions to be reviewed by the superior court. *See* RCW 52.51.110, .115. Without those findings and conclusions, the court has no starting point, and the party bearing the burden of proof is disadvantaged because the court has no roadmap on what presumption the appellant must rebut. Therefore, the superior court correctly remanded the case back to the Board because the instructions complied with the overall statutory scheme of the IIA.

We affirm the trial court's order remanding the case back to the Board with instructions to issue a new decision with findings of fact and conclusions of law based on the evidence on the

record, or in the alternative, to issue findings of fact and conclusions of law consistent with its decision.

## ATTORNEY FEES

Criss requests attorney fees and expenses pursuant to RAP 18.1, RCW 51.52.130, and RCW 4.84.030, should he prevail. Under RCW 51.52.130, attorney fees are awarded to "the worker or beneficiary where his or her appeal to the superior or appellate court results in a reversal or modification of the [Board's] decision." *Doan v. Dep't of Lab. & Indus.*, 143 Wn. App. 596, 607-08, 178 P.3d 1074 (2008). When an appellate court remands a case, it cannot award fees because the prevailing party has not yet been determined. *Felipe v. Dep't of Lab. & Indus.*, 195 Wn. App. 908, 920, 381 P.3d 205 (2016).

Here, we affirm the trial court's decision remanding the case to the Board. Therefore, a fee award would be premature. *See Felipe*, 195 Wn. App. at 920. Thus, Criss is not entitled to attorney fees and expenses.

## CONCLUSION

The Board erred when it failed to issue findings and conclusions in its decision. Therefore, it is impossible for the superior court or this court to conduct a proper analysis under the applicable standard of review, which restricts the court's scope of review to the findings and conclusions of the Board. The superior court did not err in remanding the case with instructions to issue findings and conclusions, or alternatively, issue a new decision supported by findings and conclusions if the Board members can agree.

Therefore, we affirm the superior court's decision to remand the case back to the Board with instructions to issue findings and conclusions based on the evidence on the record, or alternatively, issue an entirely new decision with findings and conclusions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Veljacic, J.

Price, J.