[No. 30468-0-III.    Division Three.    November 20, 2012.]

SACRED HEART MEDICAL CENTER, *Respondent*, v. JEAN KNAPP, *Appellant*.

*Christopher S. Carlisle* (of *Stiley & Cikutovich PLLC*), for appellant.

*James L. Gress* (of *The Law Office of Gress & Clark*), for respondent.

¶1 SWEENEY, J. — RCW 51.52.130(1) requires an award of fees in an industrial insurance claim if a "decision and order is reversed or modified and additional relief is granted." Here the court remanded for further consideration of whether vocational services were in order. We conclude that this is not the grant of "additional relief" contemplated by the statute and we affirm the court's refusal to award fees.

## FACTS

¶2 Jean Knapp injured her wrist while employed by Sacred Heart Medical Center as a certified nurse's assistant. Ms. Knapp filed an application for benefits with the Department of Labor and Industries (Department). The Department agreed and allowed the claim.

¶3 The Department initially determined that Ms. Knapp was able to work following treatment and did not need vocational services. Ms. Knapp filed a dispute of that determination with the department director, who found vocational services were necessary to assist her in return-

ing to work. An independent physician later released Ms. Knapp to resume work at Sacred Heart without restrictions. The Department closed the claim.

¶4 Ms. Knapp appealed the closure to the Board of Industrial Insurance Appeals (Board). The Board found that vocational rehabilitation plan development services were required as ordered by the department director. Sacred Heart appealed the decision of the Board to Spokane County Superior Court.

¶5 The superior court found that the department director is authorized to reconsider whether vocational services are still required to restore an injured worker. The court remanded the matter back to the Department to consider such additional information before rendering any further vocational determinations. The court also ordered that all parties were responsible for their own fees and costs because neither party had prevailed:

> It seems to me that when you look at the relief granted here, I think that it was more in the nature of—how can I put it—a technical correction of a flaw that occurred in the Tribunal before it got to this Court. I don't think I would characterize it as a situation where the worker here prevails for purposes of the triggering of the attorney's fees here.

Report of Proceedings at 8; Clerk's Papers at 52.

¶6 Ms. Knapp appeals the denial of fees.

## DISCUSSION

¶7 Whether a party is entitled to fees by the terms of a statute is a question of law that we will review de novo. *Ethridge v. Hwang*, 105 Wn. App. 447, 460, 20 P.3d 958 (2001).

¶8 Ms. Knapp seeks attorney fees under RCW 51.52.130 and *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 989 P.2d 1111 (1999). Sacred Heart contends that Ms. Knapp did not "prevail" because she did not obtain addi-

tional benefits or treatment and that she therefore is not entitled to fees. Sacred Heart contends that the director still must consider whether the additional medical evidence supports a finding that vocational services are not warranted and whether closure of the claim was proper.

¶9 The relevant portion of RCW 51.52.130 provides:

(1) If, on appeal to the superior or appellate court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary, or in cases where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court.

¶10 Here, the superior court's holding was narrow; it required only that the department director review the evidence of changed circumstances and make a final determination on the need for vocational services. The holding recognized that the director had the ultimate authority to close the claim. It is for the director to resolve whether the claim has any remaining value. *See* RCW 51.32.095(9).

¶11 Ms. Knapp contends, however, that there is no requirement that a prevailing party be recognized in order to trigger application of the statute; she urges that it is automatic according to *Brand*. There the court stated, "Under the statute, the worker's degree of overall recovery is inconsequential. This holding is consistent with the purposes behind RCW 51.52.130. Awarding full attorney fees to workers who succeed on appeal before the superior court or appellate court will ensure adequate representation for injured workers." *Brand*, 139 Wn.2d at 670. The court in *Brand* simply refused to segregate successful claims from unsuccessful claims and apportion fees. It does not require an automatic award of fees upon remand.

¶12 Nothing here could be construed as additional relief or a sustained right to relief. Ms. Knapp did not succeed on appeal and is not yet entitled to fees under RCW 51.52.130.

¶13  We affirm the judgment of the superior court.

KORSMO, C.J., and SIDDOWAY, J., concur.

Reconsideration granted in part and opinion modified February 5, 2013.

Review denied at 177 Wn.2d 1021 (2013).