# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| MONTE D. MOORE, | No.  48306-8-II |
| Appellant, | (Cons. w/ No. 49260-1-II) |
| v. | UNPUBLISHED OPINION |
| GORDON TRUCKING, INC. | |
| Respondent. | |

BJORGEN, C.J. — Monte D. Moore appeals from two adverse superior court rulings affirming the order of the Department of Labor and Industries (Department) closing his claim for medical compensation for an industrial injury.  He argues that (1) the Board of Industrial Insurance Appeals (Board) erred by determining that his December 18, 2014 notice of appeal of the Department's November 17, 2014 order affirming the October 23, 2014 order and denying reconsideration of its order closing his claim was untimely filed, (2) the superior court incorrectly determined that Moore's December 18, 2014 notice of appeal to the Board was not also a protest of the Department's November 17, 2014 order denying reconsideration, (3) the superior court applied the wrong standard of review, abuse of discretion, in reviewing whether

the Board properly denied Moore's March 27, 2015 motion to amend his December 18, 2014

notice of appeal, (4) the Board erred by denying Moore's same motion to amend under WAC

263-12-080 and CR 15, (5) the Board's denial of Moore's motion to amend was arbitrary and

capricious because it conflicted with prior Board precedent, (6) the superior court incorrectly

determined that Moore's motion to amend did not toll the finality of the Board's order denying

appeal, (7) the superior court erred by failing to rule on Moore's claim that the Board engaged in

ex parte communication with the Department, (8) the superior court incorrectly determined that

the Board properly denied Moore's December 18, 2014 appeal, and (9) Moore is entitled to

reasonable attorney fees on appeal.

We hold that (1) we review de novo the superior court's decision on summary judgment

affirming the Board's decision to deny Moore's motion to amend his notice of appeal, (2) in the

absence of any prejudice to Gordon Trucking Inc., the superior court erred by affirming the

Board's denial of Moore's motion to amend, and (3) Moore is not entitled at this juncture to

attorney fees on appeal. Consequently, we reverse and remand this case to the Board with

instructions to grant Moore's motion to amend. Because we remand this case to the Board for

further proceedings, it is unnecessary to reach the remaining issues presented in this appeal.

FACTS

In November 2012, while an employee with Gordon Trucking, Moore suffered an

industrial injury that aggravated his pre-existing right shoulder osteoarthritis. On October 23,

2014, the Department issued an order closing Moore's claim because the aggravation of his pre-

existing injury was temporary and his condition had returned to its pre-injury status. On

No. 48306-8-II

November 11, 2014, Moore filed a protest[1] and request for reconsideration of the October 23, 2014 order. The Department issued another order on November 17, 2014, stating that the Department had reconsidered the October 23, 2014 order and determined it to be correct.

After the Department denied reconsideration, Moore filed a notice of appeal to the Board on December 18, 2014. Moore's notice of appeal stated:

> The Claimant, Monte Moore, appeals to the [Board] the order of the [Department] dated October 23, 2014, which ended time-loss benefits as of April 24, 2014, closing the claim on October 23, 2014. The order also found that the aggravation of Mr. Moore's shoulder arthritis had resolved and was therefore . . . merely a temporary aggravation.

Clerk's Papers (CP) at 9. Moore also attached a copy of the October 23, 2014 order to his notice of appeal.[2]

The Board issued an order on January 12, 2015 denying Moore's appeal, noting:

> Our review of the Department record shows that the claimant also filed a protest with the Department on November 11, 2014, from the Department order dated October 23, 2014. The Department, in its order of October 23, 2014, provided that if a protest and request for reconsideration was filed in response to the order, a further order would follow the request. Because the claimant has filed a protest to the Department order of October 23, 2014, it is no longer a final decision of the Department. *In re Santos Alonzo*, BIIA Dec., 56,833 (1981). The Department was obliged to enter a further appealable determination. In recognition of this obligation, the Department issued an order on November 17, 2014, affirming the provisions of the order of October 23, 2014. Accordingly, the order of October 23, 2014, is not the Department's final determination from which an appeal may be taken.
> The appeal is denied. The parties still retain the right to appeal from any further determination or order of the Department.

---

[1] Protests are authorized by RCW 51.52.050(2)(a) and are effectively equivalent to requests for reconsideration.

[2] Former WAC 263-12-050(1)(b) (2011) provides that "[i]n all appeals, the notice of appeal should contain where applicable: . . . A statement identifying the date and content of the department order, decision, or award being appealed. This requirement may be satisfied by attaching a copy of the order, decision, or award."

CP at 21.

On January 20, 2015, Moore's 60 day limit to file an appeal from the Department's November 17, 2014 denial of reconsideration under RCW 51.52.060(1)(a) expired. On January 22, 2015 Moore filed with the Board a motion to reconsider the January 12, 2015 order denying his appeal (Board Docket No. 14 25374).

A.      Board Docket No. 14 25374—Motion to Reconsider Board's January 12, 2015 Order
        Denying Appeal / March 27, 2015 Motion to Amend

In his January 22, 2015 motion for reconsideration, Moore argued that the Board erred in denying his appeal because although his appeal referenced the incorrect order, it expressed a "clear disagreement and seeking [sic] review of the Department's decision to close Mr. Moore's claim." CP at 23. In the alternative, Moore argued that the reference to the October 23, 2014 order rather than the November 17, 2014 order was the result of a scrivener's error.

On March 19, 2015, the Board issued an order denying Moore's January 22, 2015 motion for reconsideration, finding that "Mr. Moore's argument that his appeal should be granted because his appeal expressed a clear disagreement with the Department's decision is irrelevant." CP at 35-36. The Board's order further explained:

> Once a party files a timely protest to a Department order that includes a statement regarding the right to protest, the order is automatically placed in abeyance. It is no longer a final decision of the Department. The assertion by Mr. Moore's attorney that he referenced the October 23, 2014 order in the Notice of Appeal as a result of a scrivener's error is not credible. Mr. Moore's Notice of Appeal and cover letter both stated he was appealing the October 23, 2014 order, and he enclosed a copy of that order with his appeal.

> In our Order Denying Appeal dated January 12, 2015, we reminded the parties that the Department had entered an order on November 17, 2014, in which it affirmed the provisions of the October 23, 2014 order. Mr. Moore filed an appeal with the Board on January 22, 2015 under Docket No. 15 10871 to the November 17, 2014 order.
>
> CR 59 lists the grounds upon which a party may be granted reconsideration of a decision or order. Mr. Moore has not established any ground under CR 59 for the Board to reconsider the Order Denying Appeal dated January 12, 2015. The claimant's motion for reconsideration is denied.

CP at 35-36 (footnote omitted).

On March 27, 2015, Moore submitted a motion to the Board to amend his December 18, 2014 notice of appeal to replace the reference to the October 23, 2014 order closing his claim with a reference to the November 17, 2014 order affirming the October 23, 2014 order and denying reconsideration. Moore argued that the Board had authority to permit him to amend his notice of appeal under "[WAC] 263-12-080 and CR 15."[3] CP at 38. The Board denied Moore's request to amend his notice of appeal on May 13, 2015, stating that the March 19, 2015 order denying reconsideration was final.

Moore filed a notice of appeal in Clark County Superior Court of the Board's denial of his motion to amend his notice of appeal. He then moved for summary judgment "requesting the Court to order [the Board] to allow him to amend [the] December 18, 2014 Notice of Appeal, pursuant to CR 15 and CR 59." CP at 64. In his brief to the superior court, Moore argued that the superior court's review was de novo under RCW 51.52.115, but also stated that "[t]he standard appellate review of decisions to grant or deny CR 15 Motions is abuse of discretion." CP at 77. Moore argued that under either the de novo standard of review or "[t]he other potential

---

[3] It is likely that Moore intended to cite to WAC 263-12-080.

5

standard of review . . . abuse of discretion," the superior court should determine that the Board

erred when it denied his motion to amend. CP at 85, 88. Gordon Trucking filed a cross motion

for summary judgment before the superior court, but did not argue that the superior court should

review the appeal under an abuse of discretion standard.

On October 30, 2015, the superior court denied Moore's motion for summary judgment,

granted Gordon Trucking's cross motion for summary judgment, and affirmed the Board's

decision denying Moore's March 27, 2015 motion to amend his December 18, 2014 notice of

appeal. In its ruling on summary judgment, the Board entered the following pertinent

conclusions of law:

> 2.  The March 27, 2015, Motion to Amend Notice of Appeal was not another Motion for Reconsideration and did not request any additional relief under Civil Rule 59. The Board was not required to guess at the subjective intent of the moving party.
>
> 3.  The Board's May 13, 2015, decision to deny the requested amendment to the December 18, 2014, Notice of Appeal was based on a tenable reason, namely that the Board's January 12, 2015, Order Denying Appeal and March 19, 2015, Order Denying Motion for Reconsideration were final, and were not appealed to Superior Court.
>
> 4.  The Board may allow a party to amend a notice of appeal. Amendment is not automatic, however, and the Board's decision to grant or deny amendment is reviewed for abuse of discretion. The Board's May 13, 2015, decision not to grant Mr. Moore's March 27, 2015, Motion to Amend Notice of Appeal was not an abuse of its discretion, and the Board's decision is affirmed.

CP at 121-23.

Moore appeals the superior court's ruling on summary judgment affirming the Board's

denial of his March 27, 2015 motion to amend.

6

B.      Board Docket No. 15 10871—January 22, 2015 Appeal of the Department's November 17, 2014 Order Affirming the October 23, 2014 Order and Denying Reconsideration

On January 22, 2015 Moore also filed a notice of appeal with the Board of the Department's November 17, 2014 order affirming the October 23, 2014 order and denying reconsideration. Pursuant to Board procedure, this appeal was initially before an industrial appeals judge (IAJ). On July 20, 2015, Gordon Trucking cross-moved for summary judgment on the issue of whether Moore's appeal was timely. On August 5, 2015, the IAJ denied Gordon Trucking's cross motion for summary judgment, finding that Moore's notice of appeal was timely because the December 18, 2014 notice of appeal tolled the finality of the November 17, 2014 order.

On August 12, 2015, Gordon Trucking requested interlocutory review before the full Board of the IAJ's denial of its summary judgment motion. On August 26, 2015, the Board granted review of the order denying summary judgment and reversed the IAJ's decision, ruling that Moore's January 22, 2015 motion for reconsideration of the January 12, 2015 order denying his appeal was not timely. The Board reasoned:

> The only real issue [the Board] feel[s] can be reached in this appeal is whether the claimant's appeal of January 22, 2015, was timely filed to the Department's order of November 17, 2014. The answer to that question is no. It was not timely filed. The 60 day appeal period from the date of communication elapsed on January 18, 2015, although technically it was extended to January 20, 2015, because January 18 was a Sunday and January 19 was a holiday. The appeal was filed on January 22, 2015, and was two days late. RCW 51.52.060(1)(a).

There has been a great deal of discussion in the pleadings about the effect of the December 18, 2014 notice of appeal and whether it could also be considered a request for reconsideration, which the Department should have acted on by communicating it to the Board as a separate appeal. I think that the answer to that argument simply is that the document filed with both the Board and the Department conformed to the provisions of RCW 51.52.060(1)(a) and was manifestly a notice of appeal. The Department did not need to treat it as though it were a request for reconsideration that should be communicated to the Board.

Whether the December 18, 2014, notice of appeal should have been treated by the Board as though it were an appeal to the November 17, 2014 Department affirming order instead of to the October 23, 2014 closing order is an entirely different matter. That is an issue, however, that needs to be resolved under Docket No. 1425374, which is now on appeal to superior court. As to this appeal under Docket No. 1510871, the January 22, 2015 notice of appeal was not timely filed from the November 17, 2014, affirming order and this appeal should be dismissed.

Administrative Record (AR) at 122-23.

Moore appealed to the superior court the Board's August 26 ruling granting summary judgment to Gordon Trucking. The superior court affirmed the Board's ruling that the January 22 motion for reconsideration of the January 12, 2015 order denying his appeal was not timely and held that it was properly dismissed.

Moore appeals this superior court ruling along with the superior court ruling affirming the Board's denial of his March 27, 2015 motion to amend his notice of appeal filed on December 18, 2014. We consolidated the appeals for review.

ANALYSIS

I. STANDARDS OF REVIEW/LEGAL PRINCIPLES

The standards of review for appeals from a Board determination are controlled by statute. *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 179, 210 P.3d 355 (2009); RCW

51.52.115. The superior court reviews the Board's determination de novo. *Rogers*, 151 Wn. App. at 179-80. The Board's decision is prima facie correct under RCW 51.52.115, and the party challenging the decision must demonstrate by a preponderance of the evidence that the decision is incorrect. *Rogers*, 151 Wn. App. at 180. Typically, our review "'is limited to examination of the record to see whether substantial evidence supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings.'" *Hill v. Dep't of Labor & Indus.*, 161 Wn. App. 286, 292, 253 P.3d 430 (2011) (quoting *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5-6, 977 P.2d 570 (1999)).[4]

However, our review of a summary judgment is de novo, *Hill*, 161 Wn. App. at 292, and our inquiry is the same as the superior court's. *Romo v. Dep't of Labor & Indus.*, 92 Wn. App. 348, 353, 962 P.2d 844 (1998). Summary judgment is appropriate if (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and (2) the moving party is entitled to a judgment as a matter of law. CR 56; *Romo*, 92 Wn. App. at 353-54. Our review is limited to the issues that were raised before the Board. *Hanquet v. Dep't of Labor & Indus.*, 75 Wn. App. 657, 663-64, 879 P.2d 326 (1994); RCW 51.52.115.[5]

---

[4] RCW 51.52.140 states: "Except as otherwise provided in this chapter, the practice in civil cases shall apply to appeals prescribed in this chapter. Appeal shall lie from the judgment of the superior court as in other civil cases."

[5] In his appeal of the Board's denial of his motion to amend, Moore briefed the abuse of discretion standard of review to the superior court and suggested that the superior court could decide the issue under that standard. The superior court did so. Because we would reverse the superior court's affirmance of the Board's denial of Moore's motion to amend under either an abuse of discretion or de novo standard, we need not address whether Moore is bound to the abuse of discretion standard by the invited error doctrine. *See e.g.*, *Grange Ins. Ass'n v. Roberts*, 179 Wn. App. 739, 774, 320 P.3d 77 (2013).

## II. MOTION TO AMEND

Moore asserts that the Board erred in denying his motion to amend because Gordon Trucking has not demonstrated that it would be prejudiced by the amendment. We agree.

Our Supreme Court has held that "[t]he touchstone for the denial of a motion to amend is the prejudice such an amendment would cause to the nonmoving party." *Wilson v. Horsley*, 137 Wn.2d 500, 505, 974 P.2d 316 (1999). Factors which may be considered in determining whether permitting amendment would cause prejudice include undue delay, unfair surprise, and jury confusion. *Id*. at 505-06. Although not dispositive, the timing of a motion may result in prejudice. *In re Estate of Lowe*, 191 Wn. App. 216, 227, 361 P.3d 789 (2015), *review denied by Lowe v. Lowe*, 185 Wn.2d 1019 (2016).

We are mindful that Moore has requested leave to amend a notice of appeal submitted pursuant to Washington's Industrial Insurance Act (Act), Title 51 RCW. The legislature has directed us to interpret the provisions of the Act "liberally . . . for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment." RCW 51.12.010. The Act was created in order to provide "sure and certain relief for workers . . . regardless of questions of fault" and provides the exclusive remedy to workers that come within its terms. RCW 51.04.010. Further, our Supreme Court has stated that "[a]ll doubts as to the meaning of the [Industrial Insurance] Act are to be resolved in favor of the injured worker." *Clauson v. Dep't of Labor & Indus.*, 130 Wn.2d 580, 584, 925 P.2d 624 (1996). Finally, although we observe that the purpose of the Act is to provide "sure and certain relief for workers," the statute does not define the terms "sure" and "certain." RCW 51.04.010. Turning to the dictionary definition of each term, "sure" is defined as "firmly settled or

established," and "certain" is defined as "entirely reliable; not to be doubted as a fact." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 367, 2299 (2002).

Given the Act's exclusivity, the only opportunity for Moore to determine whether or not he is entitled to relief is in an adjudicatory proceeding before the Board. RCW 51.04.010.[6] Because Moore will be "sure and certain" of whether he is entitled to relief only after an adjudication of his claim, we interpret the Act as favoring resolution on the merits rather than on procedural grounds.

Having acknowledged these policy considerations under the Act, we turn to whether Gordon Trucking would have been prejudiced by granting Moore's motion to amend the notice of appeal. Gordon Trucking argues that the Board properly denied Moore's motion to amend because the amendment would deprive the Board proceedings of finality and prejudice the company. We find this argument unpersuasive based on the circumstances of this case for two reasons.

First, Gordon Trucking has not demonstrated that it would be prejudiced as a result of a lack of finality because at the time that Moore filed his motion to amend, he still could have appealed the Board's March 19, 2015 denial of his motion for reconsideration. After the Board denied his motion for reconsideration on March 19, 2015, Moore had 30 days to file an appeal of

---

[6] RCW 51.04.010 states in part:
> The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

that decision to superior court under RCW 51.52.110. In setting this 30 day rule, RCW

51.52.110 states that:

> If such worker, beneficiary, employer, or other person fails to file with the superior court its appeal as provided in this section within said thirty days, the decision of the board to deny the petition or petitions for review or the final decision and order of the board *shall become final*.

(Emphasis added.)

Moore filed his motion to amend on March 27, 2015, less than 10 days after the Board

denied his motion for reconsideration. Therefore, at the time that Moore filed his motion to

amend his notice of appeal, Gordon Trucking could not have been prejudiced on the grounds of

finality because the Board's denial of reconsideration was not yet final.

Furthermore, although Gordon Trucking claims that Moore's amendment would have

been futile because Moore had already argued that his December 18 notice of appeal should have

been interpreted differently, the motion to amend would have changed the document itself. It

would not have called for a different interpretation of the same document.

Under the factors for determining prejudice in *Wilson*, 137 Wn.2d 505-06, the

uncontroverted facts in the record do not show any prejudice to Gordon Trucking from granting

Moore's motion to amend. As noted, prejudice to the nonmoving party is the "touchstone" for

denial of a motion to amend. *Id.* at 505. As also noted, the Act was created to provide "sure and

certain relief for workers," RCW 51.04.010, and "[a]ll doubts as to the meaning of the Act are to

be resolved in favor of the injured worker." *Clauson*, 130 Wn.2d at 584. Thus, there is no

genuine issue as to any material fact and, under these principles, Moore is entitled to judgment on this issue as a matter of law. The superior court erred under CR 56 by granting summary judgment affirming the Board's decision denying Moore's motion to amend.

Because we determine that the Board erred by denying Moore's motion to amend, we do not reach the remaining issues raised in this appeal other than Moore's request for attorney fees.

### III. ATTORNEY FEES

Moore contends that he is presently entitled to recover reasonable attorney fees on appeal under RCW 51.52.130. We disagree.

Reasonable attorney fees may be recovered on appeal if authorized by applicable law. RAP 18.1. In Washington, "attorney fees may be awarded only when authorized by a private agreement, a statute, or a recognized ground of equity." *Labriola v. Pollard Grp. Inc.*, 152 Wn.2d 828, 839, 100 P.3d 791 (2004). RCW 51.52.130(1) states, "[i]f, on appeal to the superior . . . court from the decision and order of the board, said decision and order is reversed or modified *and* additional relief is granted to a worker or beneficiary, . . . a reasonable fee for the services of the worker's . . . attorney shall be fixed by the court." (Emphasis added.) If a party is entitled to attorney fees at trial, that party may recover fees on appeal as well. *Landberg v. Carlson*, 108 Wn. App. 749, 758, 33 P.3d 406 (2001). Therefore, Moore is entitled to attorney fees if (1) the Board decision in his case is reversed or modified and (2) he is granted additional relief.

In *Sacred Heart Medical Center v. Knapp*, Knapp injured her wrist while employed by Sacred Heart Medical Center (Sacred Heart) and filed a claim for benefits with the Department. 172 Wn. App. 26, 27, 288 P.3d 675 (2012). The Department initially determined that Knapp did

not require vocational services prior to resuming employment, and Knapp filed a dispute of that determination with the Department director. *Id*. at 27. The director determined that additional vocational services were necessary to assist her in returning to work. *Id*. at 27-28. However, the Department closed Knapp's claim after an independent physician authorized Knapp to return to work at Sacred Heart without any additional services. *Id*. at 28.

Knapp appealed the closure of her claim to the Board, which found that additional vocational services were necessary as ordered by the Department director. *Id*. Sacred Heart appealed to superior court, which determined that the Department director was authorized to reconsider whether vocational services were required to restore an injured worker and "remanded the matter back to the Department to consider such additional information before rendering any further vocational determinations." *Id*. The superior court denied Knapp's request for attorney fees, reasoning that because the relief granted on appeal was merely a "technical correction," Knapp had not gained additional relief under RCW 51.52.130. *Id*.

On appeal, Division Three of this court affirmed the superior court's denial of attorney fees under RCW 51.52.130. *Id*. at 29-30. The court reasoned:

> Here, the superior court's holding was narrow; it only required that the Department director review the evidence of changed circumstances and make a final determination on the need for vocational services. The holding recognized that the director had the ultimate authority to close [Knapp's] claim. It is for the director to resolve whether the claim has any remaining value.
> . . . .
> Nothing here could be construed as additional relief or a sustained right to relief. Ms. Knapp did not succeed on appeal and is not yet entitled to fees under RCW 51.52.130.

*Id*. at 29.

Pursuant to *Sacred Heart*, to be entitled to attorney fees under RCW 51.51.130, an injured worker must obtain some relief, such as additional benefits, treatment, or award, beyond the mere reversal of an element of a decision. This result is also consistent with the principle that "we interpret a statute to give effect to all language, so as to render no portion meaningless or superfluous." *Nelson v. Dep't of Labor & Indus.*, 198 Wn. App. 101, 113, 392 P.3d 1138 (2017). If we were to permit Moore to recover fees at this juncture, absent any additional award or benefit, we would drain the "additional relief" language in RCW 51.52.130 of any meaning or function.

The fact that Gordon Trucking is a self-insured employer does not alter the requirement that a party seeking attorney fees under RCW 51.52.130 obtain some "additional relief" in order to be entitled to fees. In *Johnson v. Tradewell Stores, Inc.*, our Supreme Court held that "[n]owhere in RCW Title 51 is there even a hint that the legislature intended some covered employees to be treated differently than others." 95 Wn.2d 739, 745, 630 P.2d 441 (1981). The court cautioned that it would be a "violation of the equal protection clause [of the federal and state constitutions] to classify one group of employees so that they receive fewer benefits than similarly situated employees simply because the employer chooses to be self-insured." *Id*.

Although we reverse the superior court's affirmance of the Board's determination that Moore may not amend his December 18, 2014 notice of appeal, we do not hold at this time that Moore is entitled to any additional benefit or treatment. Rather, as in *Sacred Heart*, the Board still must determine whether to close Moore's claim after a hearing on remand and whether Moore's claim has any remaining value. 172 Wn. App. at 29. Therefore, because Moore did not obtain "additional relief" within the meaning of RCW 51.52.130, his request for attorney fees

No. 48306-8-II

under that statute is premature.  Consequently, we hold that Moore has not shown that he is

entitled to attorney fees at this time.

CONCLUSION

We reverse the superior court's affirmance of the Board's denial of Moore's March 27,

2015 motion to amend and remand this case to the Board with instructions to grant that motion

and to conduct any needed further proceedings.  We decline to award Moore attorney fees on

appeal at this time.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

BJORGEN, C.J.

We concur:

LEE, J.

MELNICK, J.

16