# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KATHRYNE L. CONNER, | No. 52454-6-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| HARRISON MEDICAL CENTER and DEPARTMENT OF LABOR & INDUSTRIES OF WASHINGTON, | |
| Respondent. | |

MAXA, C.J. – Kathryne Conner appeals the superior court's denial of her motion for attorney fees after her partially successful appeal of a Board of Industrial Insurance Appeals (BIIA) decision relating to her March 2010 industrial injury. She relies on RCW 51.52.130(1), which provides that the superior court shall award reasonable attorney fees to an injured worker on appeal of a BIIA decision if the BIIA's decision is reversed or modified and "additional relief is granted" to the worker.

A superior court jury verdict affirmed all of the BIIA's findings regarding Conner's claim except one. Contrary to the BIIA's finding, the jury found that Conner's March 2010 industrial injury caused or aggravated her lumbar degenerative disc disease. Pursuant to this verdict, the superior court's judgment directed the Department of Labor and Industries (DLI) to issue an

order allowing the lumbar degenerative disc disease under Conner's industrial injury claim. But the court also directed that the claim be closed without the payment of any further benefits.

Connor argues that the superior court erred in denying her motion for attorney fees because allowing the lumbar degenerative disc disease condition constituted "additional relief." However, we conclude that the superior court's ruling was not a grant of "additional relief" under RCW 51.52.130(1) because the court did not order DLI to pay any further benefits to Conner and whether the court's ruling will benefit Connor in the future is speculative. Accordingly, we affirm the superior court's denial of Conner's motion for attorney fees.

FACTS

Conner worked for Harrison Medical Center (HMC) as an occupational therapist from 2006 through 2010. On March 10, 2010, she was injured in the course of her employment, sustaining sprain injuries to her low back and left shoulder. Conner filed a claim with DLI seeking benefits in connection with this injury.[1]

Conner received treatment for her injuries, including visits to a nurse practitioner with HMC Employee Health, follow up appointments with her primary care physician, and massage therapy. An MRI showed advanced degenerative disc disease in her lumbar spine. DLI apparently paid for Conner's medical treatment. Conner also received time-loss benefits beginning in September 2010.

On July 18, 2012, DLI issued an order ending Conner's time-loss benefits as paid through June 30, 2012 and closed her claim without awarding a permanent partial disability. On October

---

[1] Conner filed a total of four workers' compensation claims against HMC, all of which were the subject of her appeal of the BIIA's decision to the superior court. At trial, the jury's verdict did not disturb the BIIA's findings regarding Conner's other claims.

3, 2013, DLI issued an order affirming the July 18 order. Conner appealed the DLI order to the BIIA.

The BIIA affirmed DLI's order. The BIIA made the following finding of fact: "Before March 10, 2010, Kathryne L. Conner had degenerative disc disease of the cervical, thoracic, and lumbar spine, including at L5-S1. *These conditions were not proximately caused or aggravated by her March 10, 2010 industrial injury*." Clerk's Papers (CP) at 20 (emphasis added). The BIIA concluded that Conner's thoracolumbar sprain condition arising from her employment was fixed and stable as of September 17, 2013 and that she was not entitled to further treatment.

The BIIA also concluded that (1) Connor was not temporarily totally disabled from July 1, 2012 through October 3, 2013, and (2) the conditions caused or aggravated by the March 2010 industrial injury were fixed and stable as of October 3, 2013 and were not entitled to further treatment.

Conner appealed the BIIA's decision to the superior court. The jury returned a verdict finding that the BIIA's decision was correct in all respects except for the finding that the March 2010 industrial injury did not cause or aggravate Conner's degenerative disc disease in her lumbar spine. Instead, the jury answered "yes" to the question of whether the March 2010 industrial injury proximately caused or aggravated Conner's lumbar degenerative disc disease. But the jury found that the BIIA was correct regarding the other two conclusions and was correct in determining that Conner was not permanently and totally disabled.

The superior court entered a judgment and order based on the jury's verdict. The judgment reversed the BIIA's finding of fact that Conner's industrial injury did not proximately cause or aggravate her lumbar degenerative disc disease. The court also reversed the BIIA's

conclusion of law that the lumbar degenerative disc disease was not included in the enumeration of conditions allowed under Conner's claim. The court therefore reversed the BIIA's October 3, 2013 order and directed DLI to

> issue an order allowing the condition described as degenerative disc disease of the lumbar spine under [Conner's claim] effective July 18, 2012, then to issue a subsequent order closing this claim effective July 18, 2012 without further time loss compensation, award for permanent partial disability, and without award for total permanent disability.

CP at 244-45.

Conner moved for an award of her attorney fees and costs under RCW 51.52.130. The superior court denied Conner's motion. The court found that the jury's reversal of the BIIA's decision regarding lumbar degenerative disc disease did not entitle Conner to "additional relief" because the jury did not grant additional benefits, treatment, or awards, and the only practical effect of the decision was to reverse one element of the BIIA's decision on a claim that remained closed. The court also denied Conner's motion for reconsideration.

Conner appeals the superior court's denial of her motion for attorney fees under RCW 51.52.130(1).

## ANALYSIS

A.      APPLICATION OF RCW 51.52.130(1)

Conner argues that the superior court erred in denying her request for attorney fees because the judgment reversing the BIIA's finding that the March 2010 industrial injury did not cause her lumbar degenerative disc disease constituted "additional relief" under RCW 51.52.130(1). We disagree.

1.    Legal Principles

RCW 51.52.130(1) provides:

> If, on appeal to the superior or appellate court from the decision and order of the board, said decision and order is reversed or modified *and additional relief is granted to a worker* or beneficiary, . . . a reasonable fee for the services of the worker's or beneficiary's attorney *shall* be fixed by the court.

(Emphasis added.) Under this statute, an injured worker is entitled to recover the full, reasonable amount of attorney fees incurred on appeal even though some of the claims were unsuccessful. *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 670-73, 989 P.2d 1111 (1999).

Whether a party is entitled to attorney fees under RCW 51.52.130 is a question of law that we review de novo. *Sacred Heart Med. Ctr. v. Knapp*, 172 Wn. App. 26, 28, 288 P.3d 675 (2012).

2. Meaning of "Additional Relief"

Here, the superior court reversed the BIIA's decision in part. Therefore, the only question is whether the court granted Conner "additional relief." The Industrial Insurance Act (IIA) does not define "additional relief" for purposes of RCW 51.52.130(1). However, we conclude that to grant "additional relief," a reversal must include the grant of some further benefits, treatment, or award. Under the facts of this case, a reversal of the Board's finding did not result in "additional relief."

Two cases support this conclusion. In *Sacred Heart*, an injured worker appealed DLI's determination that vocational services were not required for her to return to work. 172 Wn. App. at 27-28. The superior court remanded the matter to DLI to consider additional information before making any further vocational determinations. *Id.* at 28. But the superior court declined to award attorney fees to the worker. *Id.*

The appellate court held that the superior court's remand to DLI for further consideration regarding vocational services was not "additional relief" as contemplated by RCW 51.52.130(1). *Sacred Heart*, 172 Wn. App. at 27. The court stated,

5

> [T]he superior court's holding was narrow; it required only that the department director review the evidence of changed circumstances and make a final determination on the need for vocational services. The holding recognized that the director had the ultimate authority to close the claim. It is for the director to resolve whether the claim has any remaining value.

*Id.* at 29. The court concluded, "Nothing here could be construed as additional relief." *Id.*

The key fact in *Sacred Heart* was that the court reversed DLI's determination without granting any vocational benefits. Instead, DLI would determine at some time in the future whether or not the claimant was entitled to such benefits.

In *Kustura v. Department of Labor & Industries*, a worker requested attorney fees under RCW 51.52.130 based on the superior court's correction of the BIIA's erroneous finding that she was single instead of married. 142 Wn. App. 655, 692-93, 175 P.3d 1117 (2008), *aff'd on other grounds*, 169 Wn.2d 81, 233 P.3d 853 (2010). The worker argued that the superior court's correction of her marital status resulted in an increase in worker benefits because as a married worker, she was entitled to a 65 percent benefit rate rather than a 60 percent benefit rate for unmarried workers. *Id.* at 692.

The appellate court addressed a different provision in RCW 51.52.130(1), which requires an award of attorney fees if DLI's "accident fund or medical aid fund is affected by the litigation." *Id.* The court noted that DLI's order determining her wage rate and amount of allowable benefits was final and binding and that the superior court's order did not increase the amount of benefits. *Id.* Instead, the superior court corrected her marital status but did not order a remand or adjustment of her benefits as a result of that correction. *Id.* at 692-93. Therefore, the court denied the worker's request for attorney fees. *Id.* at 693.

The key fact in *Kustura* was that the superior court simply made a correction to the BIIA's finding without affirmatively granting any benefits. Instead, the rate and amount of benefits remained unchanged.

On the other hand, attorney fees are recoverable under RCW 51.52.130(1) when the trial court's reversal results in an increased payment to the claimant. In *Hi-Way Fuel Co. v. Estate of Allyn*, the surviving spouse and son of a worker fatally injured in a motor vehicle accident in the course of his employment received workers' compensation benefits and later recovered damages from an at fault third party. 128 Wn. App. 351, 354-55, 115 P.3d 1031 (2005). DLI determined the amount of its partial reimbursement for benefits paid by subtracting attorney fees and litigation expenses from the spouse's gross recovery as required under RCW 51.24.060. *Id.* at 355. However, DLI deducted costs for internal copying and postage when calculating the amount of litigation expenses, which had the effect of increasing DLI's reimbursement. *Id.*

This court reversed DLI's ruling, holding that DLI could not deduct internal copying and postage from litigation costs. *Id.* at 363. The court remanded to DLI for redistribution of the lawsuit proceeds. *Id.* The court held that the spouse was entitled to attorney fees under RCW 51.52.130(1) because the appeal had resulted in "additional relief" to her. *Id.* at 364.

The key fact in *Hi-Way Fuel* was that the superior court's order involved a correction of DLI's calculation that resulted in the claimant actually receiving additional funds.

3. Analysis

Here, the jury's verdict reversed one aspect of the BIIA's decision: that Conner's March 2010 industrial injury had not caused or aggravated her lumbar degenerative disc disease. And the superior court's order stated that this condition "should have been included in the enumeration of conditions allowed" under her claim and directed DLI to issue an order allowing

the condition effective July 18, 2012 and closing the claim the same day. But the verdict and the superior court's subsequent judgment resulted in no additional benefits, treatment, or award. The order specified that DLI should make this change "without further time loss compensation, award for permanent partial disability, and without award for total permanent disability." CP at 244-45.

This case is similar to *Sacred Heart*. In that case, the superior court did not order DLI to provide any vocational benefits; the court only required DLI to consider the issue. 172 Wn. App. at 28-29. The appellate court found that this did not constitute additional relief. *Id.* at 29. As in that case, the superior court here did not order DLI to pay any benefits relating to Conner's degenerative disc disease or even direct DLI to consider claims arising from that condition. Instead, the court merely stated that the degenerative disc disease was an allowable condition under the March 2010 claim.

This case also is similar to *Kustura*. In that case, the superior court merely changed the worker's marital status without changing the terms of DLI's order. 142 Wn. App. at 692-93. As in that case, the superior court here merely ruled that the degenerative disc disease should be included in the enumeration of conditions that had become fixed and stable and directed DLI to allow the condition as of July 18, 2012 and then close the claim on the same date. The court did not order DLI to pay any additional benefits.

Conner's arguments to the contrary are not persuasive. First, she contends that the jury's verdict awarded her "additional relief" under RCW 51.52.130 because it enabled her to now seek reimbursement for treatment she had received for her lumbar degenerative disc disease while her claim was pending before July 18, 2012. She points out that under WAC 296-20-125(8)(b), such

reimbursement requests are payable if made within one year of the superior court's reversal. Conner also suggests that payment for treatment before July 18, 2012 is inevitable.

However, the superior court did not order DLI to reimburse Conner for any treatment it previously had not covered. And there is no evidence in the record that Conner received treatment specific to lumbar degenerative disc disease while her claim was pending. The superior court's order only has the effect of requiring DLI to consider Conner's reimbursement claims if she submits them. Although Conner may submit additional medical treatment bills to DLI for lumbar degenerative disc disease, any relief is speculative and does not flow directly from the superior court's order. Conner points to no authority stating that the mere *potential* for reimbursement of past medical expenses qualifies as "additional relief" under RCW 51.52.130. *Sacred Heart* rejected the argument that "additional relief" could be defined as the superior court's direction that DLI "make a final determination [regarding] . . . whether the claim has any remaining value." 172 Wn. App. at 29.

Second, Conner argues that the superior court's order granted her "additional relief" in the form of an expanded scope for reopening her claim in the future under RCW 51.32.160. She argues that the superior court's addition of lumbar degenerative disc disease to the allowed conditions under her claim provides her an additional medical condition upon which to seek to reopen her claim in the future. However, once again whether Conner will seek a reopening in the future and whether DLI would agree to reopen the claim is speculative.

Third, Conner argues that the superior court's denial of attorney fees under RCW 51.52.130(1) was contrary to the statute's purpose of ensuring adequate legal representation to injured workers. She points to *Brand*, which as stated above held that the superior court must award the full amount of attorney fees to the worker under RCW 51.52.130 without regard to the

9

worker's degree of overall recovery. 139 Wn.2d at 670. Conner claims that the limited nature of her success on appeal must have adversely affected the trial court's determination of whether she obtained additional relief.

However, there is no indication in the record that the superior court based its denial of attorney fees on the fact that she prevailed on only one of many issues. And the court in *Sacred Heart* explained that *Brand* "simply refused to segregate successful claims from unsuccessful claims and apportion fees," but did not "require an automatic award of fees upon remand." 172 Wn. App. at 29.

Finally, Conner argues that the superior court narrowly construed the term "additional relief" in contravention of the mandate in RCW 51.12.010 that the IIA be liberally construed. But the term needs no "construction" here because it is clear that the superior court did not grant Conner any additional relief.

We hold that Conner was not entitled to attorney fees because the superior court's judgment stating that her lumbar degenerative disc disease should be allowed under her industrial injury claim did not constitute "additional relief" under RCW 51.52.130(1).

B.      ATTORNEY FEES ON APPEAL

Conner requests her reasonable attorney fees on appeal under RCW 51.52.130. We decline to award attorney fees.

RCW 51.52.130 encompasses fees in both the superior and appellate courts when both courts review the matter. *Doan v. Dep't of Labor & Indus.*, 143 Wn. App. 596, 608, 178 P.3d 1074 (2008). But because we hold that Conner is not entitled to attorney fees in superior court under RCW 51.52.130(1), she also is not entitled to attorney fees on appeal.

No. 52454-6-II

CONCLUSION

We affirm the superior court's denial of Conner's request for attorney fees under RCW 51.52.130.

_____
MAXA, C.J.

We concur:

_____
LEE, J.

_____
SUTTON, J.

11