FILED
COURT OF APPEALS
DIVISION II

2015 APR -7 AM 9: 20

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PATRICK J. BIRGEN, | No. 45692-3-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, | PUBLISHED OPINION |
| Respondent. | |

MAXA, P.J. — Patrick Birgen appeals the superior court's order affirming a Board of Industrial Insurance Appeals (Board) decision that the Department of Labor and Industries (DLI) properly calculated the amount by which his workers' compensation disability benefits must be offset by his federal social security benefits. Under RCW 51.32.220, a claimant's workers' compensation disability benefits must be reduced by the amount that person receives in social security benefits or by an amount calculated under 42 U.S.C. § 424a(a), whichever is less. The amount of the offset under 42 U.S.C. § 424a(a) generally is the amount by which a claimant's combined monthly disability and social security benefits exceed 80 percent of the claimant's "average current earnings," which usually is one-twelfth of the claimant's highest annual earnings during the year of disability or the preceding five years.

DLI calculated Birgen's offset under 42 U.S.C. § 424a(a) based on his 1983 earnings. Birgen argues that DLI was required to adjust his 1983 earnings to present value – i.e., 2012

dollars – when calculating his offset. He claims that this present value adjustment would have lowered the amount of the offset. Both the Board and the superior court rejected this argument. We agree with the Board and the superior court, and hold that RCW 51.32.220 and 42 U.S.C. § 424a(a)(8) unambiguously require that the offset for social security benefits be calculated using Birgen's unadjusted 1983 income. Accordingly, we affirm the Board and the superior court.

## FACTS

Birgen sustained an industrial injury in 1984 and filed a workers' compensation claim. DLI allowed his claim, and ultimately determined that he was permanently and totally disabled as of July 1991. As a result, Birgen was entitled to receive monthly workers' compensation benefits for the remainder of his life. By 2012, those disability payments were $2,911.42 per month.

In 2012, DLI learned Birgen also was receiving social security benefits of $830 per month. It issued an order offsetting Birgen's workers' compensation benefits by that amount, resulting in a new monthly disability payment of $2,081.42. The order states that the offset was based on Birgen's social security payments of $830 and his highest year earnings of $30,965 for 1983.[1] Birgen requested that DLI reconsider its order. After reconsidering the order, DLI determined it was correct and affirmed the order.

Birgen filed an appeal with the Board and the case was assigned to an industrial appeals judge (IAJ). Birgen did not dispute on appeal that his social security offset should be based on

---

[1] Presumably, DLI followed RCW 51.32.220 and calculated the amount of the offset under 42 U.S.C. § 424a(a) based on the $30,965 earnings and compared that to Birgen's social security payments of $830. DLI apparently found that Birgen's monthly social security benefit was the lesser number, and reduced Birgen's workers' compensation benefits by $830.

his 1983 earnings. Instead, he argued that DLI should have adjusted the amount of his 1983 earnings to their present value in calculating the offset. Birgen filed a motion for summary judgment on this issue. The IAJ ruled that DLI was not required to adjust Birgen's 1983 earnings to present value, and that DLI was entitled to summary judgment even though it did not file a cross motion.

Birgen appealed to the Board. The Board affirmed DLI's order, ruling that DLI correctly calculated Birgen's social security offset. Birgen appealed to the superior court, which affirmed the Board's order and decision.

Birgen appeals.

## ANALYSIS

### A.    STANDARD OF REVIEW

The Administrative Procedure Act (APA), chapter 34.05 RCW, governs judicial review of the Board's decision in a workers' compensation case. RCW 51.52.140; *see Eastwood v. Dep't of Labor & Indus.*, 152 Wn. App. 652, 657, 219 P.3d 711 (2009). We review the agency record rather than the trial court record. *Eastwood*, 152 Wn.2d at 657. We review the Board's findings of fact for substantial evidence, which is evidence sufficient to persuade a fair-minded person of the declared premise. *Id.* We review the Board's legal conclusions de novo, but we give "substantial weight to the agency's interpretation when the subject area falls within the agency's area of expertise." *Dep't of Labor & Indus. v. Mitchell Bros. Truck Line*, 113 Wn. App. 700, 704, 54 P.3d 711 (2002). On appeal, "[t]he burden of proving that the agency action was invalid . . . lies with the party challenging the action." *Mader v. Health Care Auth.*, 109 Wn. App. 904, 911, 37 P.3d 1244 (2002), *reversed in part on other grounds*, 149 Wn.2d 458 (2003).

B.     CALCULATING THE SOCIAL SECURITY OFFSET

Birgen challenges DLI's calculation of his social security offset. He argues that under 42

U.S.C. § 424a(a) the term "average current earnings" is ambiguous because the term fails to state

whether the DLI must adjust a claimant's wages for inflation. We hold that 42 U.S.C. § 424a(a)

is not ambiguous and affirm the Board and the superior court.[2]

1.   Legal Principles

Under RCW 51.32.220, a claimant's workers' compensation disability benefits must be

reduced by the amount that person receives in social security benefits or by an amount calculated

under 42 U.S.C. § 424a(a), whichever is less.[3]  42 U.S.C. § 424a(a)(2)-(6) provides that the

amount of the offset is the amount by which a person's combined monthly disability and social

---

[2] Birgen assigns error to the Board's determination that DLI was entitled to summary judgment
even though it had not filed a cross motion for summary judgment. Birgen fails to support this
assignment of error with argument as required by RAP 10.3(a)(6). *Skagit County Pub. Hosp.
Dist. No. 1 v. Dep't of Revenue*, 158 Wn. App. 426, 440, 242 P.3d 909 (2010). Accordingly, we
decline to consider this argument further.

[3] The record is unclear on whether Birgen received social security *disability* or social security
*retirement* benefits under 42 U.S.C. § 424(a)(a). Because he received a type of social security
benefit, DLI is authorized by either RCW 51.32.220 (social security disability benefits) or RCW
51.32.225 (social security retirement benefits) to offset Birgen's workers' compensation benefits.
The parties recognized that our analysis would not differ under either statute. For clarity, we
refer only to RCW 51.32.220 but recognize that our analysis would be the same under RCW
51.32.225.

security benefits exceed 80 percent of that person's "average current earnings".[4] 42 U.S.C. § 424a(a)(8) defines "average current earnings" as the largest of three different amounts, which in most situations is one-twelfth of the person's highest annual earnings in the year of disability or in the preceding five years.

Using Birgen's 1983 earnings without adjustment for present value results in an amount calculated under 42 U.S.C. § 424a(a) that is greater than the $830 he received in social security benefits. Birgen claims that if his 1983 earnings were increased to present value, the amount of the offset under 42 U.S.C. § 424a(a) would be lower than $830.

2. Adjustment of Average Current Earnings to Present Value

Birgen argues that 42 U.S.C. § 424a(a)(8)'s definition of "average current earnings" is ambiguous with respect to whether a claimant's highest annual earnings should be adjusted to present value. We disagree.

a. Statutory Interpretation

Statutory interpretation is a question of law that we review de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). The goal of statutory interpretation is to determine and give effect to the legislature's intent. *Id.* at 762. To determine legislative intent, we first look to the plain language of the statute. *Id.* We consider the meaning of the provision in

---

[4]Federal law allows the federal government to reduce the amount of social security benefits it pays to a worker under the age of 65 who also receives state disability benefits. 42 U.S.C. § 424a. This process eradicates the potential problem of a worker being financially better off disabled than if he or she returned to work. 42 U.S.C. § 424a(d) contains an exception to the general offset rule; it allows for a "reverse offset" if a state passes enabling state legislation. *Frazier v. Dep't of Labor & Indus.*, 101 Wn. App. 411, 416, 3 P.3d 221 (2000). RCW 51.32.220 and .225 were passed by the Washington legislature to take advantage of this reverse offset provision. *Id.*

question, the context of the statute in which the provision is found, and related statutes. *Lowy v. PeaceHealth*, 174 Wn.2d 769, 779, 280 P.3d 1078 (2012). If a statute is unambiguous, we must apply the statute's plain meaning as an expression of legislative intent without considering other sources of such intent. *Jametsky*, 179 Wn.2d at 762.

If the plain language of the statute is susceptible to more than one reasonable interpretation, the statute is ambiguous. *Id.* But a statute is not ambiguous merely because different interpretations are conceivable. *Agrilink Foods, Inc. v. Dep't of Revenue*, 153 Wn.2d 392, 396, 103 P.3d 1226 (2005). We resolve ambiguity by considering other indications of legislative intent, including principles of statutory construction, legislative history, and relevant case law. *Jametsky*, 179 Wn.2d at 762.

We do not rewrite unambiguous statutory language under the guise of interpretation. *Cerrillo v. Esparza*, 158 Wn.2d 194, 201, 142 P.3d 155 (2006). Similarly, we "must not add words where the legislature has chosen not to include them." *Rest. Dev., Inc. v. Cananwill, Inc.*, 150 Wn.2d 674, 682, 80 P.3d 589 (2003). Instead, we construe statutes assuming that the legislature meant exactly what it said. *In re Marriage of Herridge*, 169 Wn. App. 290, 297, 279 P.3d 956 (2012).

      b.    Plain Language of Statutes

Our analysis must start with the plain language of the relevant statute. *Jametsky*, 179 Wn.2d at 762. The relevant statute here is RCW 51.32.220, which allows DLI to take an offset if the claimant is receiving social security benefits. However, RCW 51.32.220 provides that the offset may depend on a calculation based on 42 U.S.C. § 424a(a). Therefore, we must analyze the language of both statutes.

6

The question here is whether a claimant's highest annual earnings in the year of disability or in the five preceding years, which is used to calculate the offset under 42 U.S.C. § 424a(a), must be adjusted to present value before performing the offset calculation. The parties agree that neither RCW 51.32.220 nor 42 U.S.C. § 424a(a) expressly provides that a claimant's highest annual earnings must be adjusted to present value before performing the offset calculation. On the other hand, neither statute expressly precludes such an adjustment. The statutes are silent on this issue.

We hold that the plain language of the statutes provides that a claimant's highest annual earnings should not be adjusted to present value before making the offset calculation. The statutes do not provide for such an adjustment. Further, 42 U.S.C. § 424a(a)(8) clearly looks to the claimant's earnings in a particular year in the past, without in any way suggesting that those historical wages be adjusted in any manner. Only by adding language to the statute could we allow the adjustment to present value. And if a statute is silent on an issue, we generally decline to read into the statute what is not there. *See, e.g., Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 103, 117 P.3d 1117 (2005).

Birgen argues without analysis that 42 U.S.C. § 424a(a)(8) is ambiguous because it is silent on whether a claimant's highest annual earnings must be adjusted to their present value. He apparently claims that 42 U.S.C. § 424a(a)(8) reasonably can be interpreted as requiring a present value adjustment or not requiring an adjustment, which creates an ambiguity. However, Birgen does not explain how we can adopt this interpretation without adding language to the statute. Further, he does not explain how a statue that does not provide for a present value adjustment can be interpreted as requiring such an adjustment.

7

The plain language of 42 U.S.C. § 424a(a)(8) provides no support for Birgen's argument that the statute requires DLI to adjust a claimant's past earnings to present value when calculating the offset for social security benefits. Neither does RCW 51.32.220. Arguably, if either the Washington legislature or Congress had intended such an adjustment, they would have provided appropriate language in the statutory provisions.

c.    Related Statutes

While our analysis must first and foremost focus on performing a plain language analysis, we may consult the context of the statute in which the provision is found as well as related statutes to help determine the plain meaning of the statute. *Henne v. City of Yakima*, ___ Wn.2d ___, 341 P.3d 284, 288 (2015). Both parties rely on the fact that other statutes in the Industrial Insurance Act (IIA), chapter 51 RCW, provide for cost of living increases. However, the existence of these statutes supports DLI's interpretation and does not support Birgen's interpretation.

The parties are correct that the IIA includes provisions providing for cost of living adjustments and present wage calculations. RCW 51.32.075 addresses updating a claimant's permanent total disability benefits to account for cost of living changes. This statute is the legislature's attempt to deal with the problem of inflation in the context of workers' compensation benefits. *Crabb v. Dep't of Labor & Indus.*, 181 Wn. App. 648, 656, 326 P.3d 815, *review denied*, 181 Wn.2d 1012 (2014). Another IIA provision, RCW 51.32.090(3)(a)(ii), addresses calculating a claimant's loss of earning power benefits and specifically refers to calculating a claimant's benefits using "eighty percent of the actual difference between the worker's *present wages* and earning power at the time of injury." (Emphasis added.) Similarly,

8

42 U.S.C. § 424a(f) requires a triennial redetermination of the amount of a worker's benefits subject to an offset.

Birgen argues that these provisions provide support for his interpretation of RCW 51.32.220 and 42 U.S.C. § 424a(a)(8) because they show that the Washington legislature and Congress intended to provide benefits that reflect present value. However, these statutes actually support DLI's interpretation. They show that the Washington legislature and Congress knew how to update a claimant's benefits to account for inflation and knew how to use a claimant's present wages in calculating his or her benefits, but specifically chose not to do so in the context of adopting 42 U.S.C. § 424a(a)(8)'s offset formula.[5] Here, we presume that the legislature was deliberate when it did not provide a directive that a claimant's offset be calculated using his wages at their present day value. *See State v. Kelley*, 168 Wn.2d 72, 83, 226 P.3d 773 (2010) ("Expression of one thing in a statute implies exclusion of others, and this exclusion is presumed to be deliberate.").

    d.    Liberal Construction/Policy Considerations

RCW 51.12.010 provides that the IIA "shall be liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries . . . occurring in the course of employment." *See also Harry v. Buse Timber & Sales, Inc.*, 166 Wn.2d 1, 8, 201 P.3d 1011 (2009). Birgen argues that this statement of intent must be considered in determining the

---

[5] Birgen also argues that 42 U.S.C. § 424a(a)(8), which states that "an individual's average current earnings means *the largest* of [the three options]," supports the inference that the legislature intended for a worker's wages to be adjusted. (Emphasis added.) This argument is unpersuasive because it ignores the remainder of 42 U.S.C. § 424a(a)(8), which as discussed above, requires the DLI to use the largest number of three set options – not the largest possible number imaginable.

plain meaning of RCW 51.32.220 and 42 U.S.C. § 424a(a)(8) and mandates that we liberally construe 42 U.S.C. § 424a(a)(8) to hold that DLI must adjust Birgen's 1983 earnings to their present value.

Similarly, Birgen argues that our interpretation of RCW 51.32.220 and 42 U.S.C. § 424a(a)(8) must be guided by policy considerations. He argues that the policy of the IIA is to provide full compensation to injured workers, and that not requiring a claimant's highest annual earnings to be adjusted to present value would undermine this policy. Birgen correctly points out that he may be worse off if his highest annual earnings are not adjusted to present value before calculating his offset under 42 U.S.C. § 424a(a)(8). He argues that this result is inconsistent with the policy of the IIA.

In general, where the statute at issue or a related statute includes an applicable statement of purpose, the statute must be read in a manner consistent with that stated purpose. *See Nationscapital Mortg. Corp. v. Dep't of Fin. Inst.*, 133 Wn. App. 723, 736-37, 137 P.3d 78 (2006). However, the liberal construction requirement also must be applied in conjunction with our ultimate goal of carrying out legislative intent by giving effect to the legislature's statutory language. *Doty v. Town of South Prairie*, 155 Wn.2d 527, 533, 120 P.3d 941 (2005). We cannot use the liberal construction requirement to support a "strained or unrealistic interpretation" of statutory language. *Senate Republican Campaign Comm. v. Pub. Disclosure Comm'n*, 133 Wn.2d 229, 243, 943 P.2d 1358 (1997).

In addition, Birgen's policy arguments are inconsistent with the plain statutory language. We "resist the temptation to rewrite an unambiguous statute to suit our notions of what is good public policy, recognizing the principle that 'the drafting of a statute is a legislative, not a

judicial, function.' " *Sedlacek v. Hillis*, 145 Wn.2d 379, 390, 36 P.3d 1014 (2001) (quoting *State v. Jackson*, 137 Wn.2d 712, 725, 976 P.2d 1229 (1999)).

Here, the plain language of RCW 51.32.220 and 42 U.S.C. § 424a(a)(8), as well as the IIA's related statutes, suggests that the legislature intended to calculate a claimant's offset using the claimant's actually earned wages. We refrain from giving a liberal construction to the statute that would be contrary to the plain language of the statute. *See Doty*, 155 Wn.2d at 533.

4. Conclusion

42 U.S.C. § 424a(a)(8) bases its offset calculation on the claimant's highest annual earnings during the year of disability or in the preceding five years. This statute generally refers to a claimant's highest annual wages earned during some past year. Nevertheless, neither RCW 51.32.220 nor 42 U.S.C. § 424a(a)(8) provides that the highest annual earnings be adjusted to present value, even though other Washington and federal statutes do provide for a cost of living adjustment. Accordingly, we hold that the plain language of RCW 51.32.220 and 42 U.S.C. § 424a(a)(8) does not require that a claimant's highest annual earnings be adjusted to present value before DLI conducts the offset calculation under 42 U.S.C. § 424a(a).[6]

---

[6] Birgen requests reasonable attorney fees pursuant to RCW 51.52.130. A party may be awarded attorney fees when a claimant's appeal results in a reversal or modification of a Board decision. *Chunyk & Conley/Quad-C v. Bray*, 156 Wn. App. 246, 256, 232 P.3d 564 (2010). Here because we affirm the superior court and the Board, we deny Birgen's request for attorney fees. *Id.*

We affirm the Board and the superior court.

MAXA, P.J.

We concur:

LEE, J.

MELNICK, J.