**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

OWEN M. HENDERSON, )
                                       )   DIVISION ONE
        Appellant, )
                                         )   No. 73561-6-I
        v.                       )
                                         )   UNPUBLISHED OPINION
DEPARTMENT OF LABOR & )
INDUSTRIES, )
                                         )
        Respondent. )   FILED: January 17, 2017
_____ )

DWYER, J. — The Department of Labor and Industries is entitled to reduce workers' compensation benefits when the claimant also receives federal Social Security retirement income. The governing provisions of the Industrial Insurance Act direct the Department to use the claimant's "average current earnings," as defined by the federal Social Security Act, to calculate the reduction. Here, the Department complied with the applicable statutes in determining the offset amount. Accordingly, we affirm.

I

In 1991, Owen Henderson sustained an injury in the course of his employment as a real estate agent. He filed a claim for benefits, which the Department allowed, and, for the most part, his claim has remained open since that time.

Twenty years after the injury, Henderson was receiving workers' compensation benefits of $3,928.96 per month. On March 15, 2011, the Social Security Administration notified the Department that Henderson was authorized to receive Social Security retirement benefits of $1,203 per month beginning in April 2011.

The Department issued an order in June 2011 to implement a reduction in Henderson's workers' compensation benefit amount based on his receipt of Social Security income. However, the Department cancelled that order a month later after learning from Henderson, and confirming with the federal agency, that he intended to voluntarily forgo his receipt of Social Security benefits so as to continue to receive the full amount of his state benefits. Although Henderson soon thereafter rescinded his waiver of Social Security benefits, he disingenuously opted not to inform the Department of his decision.

Once the Department became aware that Henderson was, in fact, receiving Social Security retirement income, the Department issued a second order on March 2, 2012 reaffirming its intent to reduce his workers' compensation benefit amount. The Department's order provided that Henderson's benefits would be offset by the amount of his monthly Social Security payment, resulting in a new monthly benefit rate of $2,725.96. The order provided that the new rate would go into effect on April 1, 2012, that the Department would deduct funds for overpayments that accrued between October 2011 and March 2012, but that Henderson could not be charged for the amounts paid between April and September 2011, during which time Henderson received both benefits. See

2

RCW 51.32.220(2), (4) (Department must provide notice before reducing benefits and may assess charges for overpayments that accrue only within six months prior to the date of notice). This allowed Henderson to retain much of his dishonestly accrued overpayments.

Not content with merely his ill-gotten windfall, Henderson appealed the Department's March 2012 order. Following a hearing, both an industrial appeals judge, and, later, the Board of Industrial Insurance Appeals, affirmed the Department's order.

Henderson then appealed to superior court. The superior court upheld the Department's calculation of the Social Security offset.[1] Henderson now appeals to us.

II

Washington's Industrial Insurance Act, Title 51 RCW, governs judicial review of workers' compensation cases. Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 179, 210 P.3d 355 (2009). This court reviews the superior court's decision, not the Board's order. RCW 51.52.140. As with the superior court's review of an administrative appeal, our review is based solely on the evidence and testimony presented to the Board. RCW 51.52.115; Bennerstrom v. Dep't of Labor & Indus., 120 Wn. App. 853, 858, 86 P.3d 826 (2004).

We review the superior court's decision in the same manner as other civil cases. Mason v. Georgia-Pac. Corp., 166 Wn. App. 859, 863, 271 P.3d 381

---

[1] The superior court also determined that Henderson failed to timely perfect his appeal. However, the Department does not contend that the superior court's order should be affirmed on this basis and expressly concedes that Henderson timely served the Board with his notice of appeal.

(2012). Specifically, we review whether substantial evidence supports the superior court's factual findings and whether the superior court's conclusions of law flow from those findings. Rogers, 151 Wn. App. at 180. The superior court's construction of a statute is a question of law, which we review de novo. Mason, 166 Wn. App. at 863. We give substantial weight to an agency's interpretation of the law it administers. Bennerstrom, 120 Wn. App. at 858. We view the record in the light most favorable to the party who prevailed in superior court. Rogers, 151 Wn. App. at 180.

The Social Security Act allows the federal government to reduce the amount of Social Security disability benefits it pays to a worker under the age of 65 who also receives state disability benefits. 42 U.S.C. § 424a. 42 U.S.C. § 424a(d) contains an exception to the general offset rule: it allows for a "reverse offset" if a state passes enabling state legislation. Frazier v. Dep't of Labor & Indus., 101 Wn. App. 411, 416, 3 P.3d 221 (2000). Reverse offset provisions allow the state to take advantage of the offset the federal government would otherwise make and thus shift costs to the federal government. Harris v. Dep't of Labor & Indus., 120 Wn.2d 461, 469, 843 P.2d 1056 (1993); Allan v. Dep't of Labor & Indus., 66 Wn. App. 415, 419, 832 P.2d 489 (1992). Our legislature passed RCW 51.32.220 and RCW 51.32.225 in order to take advantage of this exception. Frazier, 101 Wn. App. at 416-17. The purpose of the statutory scheme is to ensure that a disabled person is fully compensated, while precluding the receipt of overlapping benefits. Ravsten v. Dep't of Labor & Indus., 108 Wn.2d 143, 149, 736 P.2d 265 (1987).

Under RCW 51.32.220 and RCW 51.32.225, workers' compensation benefits must be reduced by the amount a person receives in Social Security benefits or by an amount calculated under the Social Security Act, 42 U.S.C. § 424a(a), whichever is less. Birgen v. Dep't of Labor & Industries, 186 Wn. App. 851, 856, 347 P.3d 503, review denied, 184 Wn.2d 1012 (2015). The amount of the offset under 42 U.S.C. § 424a(a) (2)-(6) is generally the amount by which a claimant's combined monthly state workers' compensation and Social Security benefits exceed 80 percent of his or her "average current earnings." Birgen, 186 Wn. App. at 856-57. "Average current earnings" is defined under the Social Security Act as the highest of three amounts, which in most situations is one-twelfth of the claimant's highest annual earnings during the year of disability or the preceding five years. 42 U.S.C. § 424a(a)(8); Birgen, 186 Wn. App at 857. Henderson acknowledges that, for purposes of the Social Security Act, average current earnings are those on which Federal Insurance Contribution Act (FICA) taxes are paid. See Fugate v. Comm'r of Soc. Sec., 776 F.3d 389, 391 (6th Cir. 2015).

Here, Henderson's workers' compensation benefits were reduced by the amount of his Social Security payment, because that amount was less than the offset calculated under the Social Security Act. To determine the amount of the offset under 42 U.S.C. § 424(a), the Department first found that Henderson's average current earnings were $45,666, or $3,805.50 per month. The Department then calculated 80 percent of Henderson's average current earnings as $3,044.40 per month. Finally, the Department subtracted $3,044.40 from

5

Henderson's combined benefit total of $5,131.96, which resulted in an offset calculation of $2,087.56. Because this amount exceeded Henderson's Social Security benefit amount, the Department applied $1,203, the retirement benefit amount, as the offset.

The Department based its determination of Henderson's average current earnings on his earned income in 1989 according to an earnings statement created by the Social Security Administration and provided to the Department by Henderson. Henderson admitted that this amount was equal to his adjusted gross income for that year, after business expenses were deducted.

Representing himself on appeal, Henderson concedes that the Department correctly determined his average current earnings as defined by the Social Security Act.[2] Nevertheless, he argues that because only state law provides an offset for Social Security retirement income, average current earnings should be defined according to the definition of wages in Title 51. And under that definition, he claims, the Department was bound by its 1995 determination of his monthly wages, calculated for the purpose of setting his workers' compensation benefit amount. Alternatively, Henderson claims that the Department should have used a figure based on an Internal Revenue Service (IRS) 1099 form he supplied that listed nonemployee compensation of $77,696.60 for 1989.

---

[2] Henderson was represented by counsel on appeal to the superior court but has otherwise acted pro se in these proceedings.

Both the Board and the superior court rejected these arguments. We also reject them. RCW 51.32.220 and RCW 51.32.225 unambiguously require the Department to calculate the offset under 42 U.S.C. § 424(a) using average current earnings as defined by that statute.

RCW 51.32.220 applies to offsets for Social Security disability benefits and RCW 51.32.225 applies to offsets for Social Security retirement benefits. The analysis under either statute is the same. Birgen, 186 Wn. App. at 856 n.3. To calculate the offset for Social Security retirement benefits, RCW 51.32.225 directs the Department to "comply with the procedures in RCW 51.32.220 (1) through (6)". Specifically with regard to claimants such as Henderson, whose Social Security retirement benefits were not preceded by federal disability benefits, "the offset shall be based on procedures established and determined by the department to most closely follow the intent of RCW 51.32.220." RCW 51.32.225(2). RCW 51.32.220, in turn, instructs the Department to calculate the offset in accordance with the Social Security Act, 42 U.S.C. § 424(a).

Birgen is instructive. Although it was unclear whether Birgen received Social Security disability or retirement benefits, the Department calculated the offset under 42 U.S.C. § 424(a) and then reduced Birgen's workers' compensation benefit amount by the amount of his Social Security payment. Birgen, 186 Wn. App. at 855. Birgen challenged the Department's calculation, claiming that the average current earnings figure used by the Department was incorrect. Birgen argued that his 1983 earnings should have been adjusted to account for inflation. Birgen, 186 Wn. App. at 856. Division Two of this court

7

disagreed because under RCW 51.32.220 the offset must be calculated using the Social Security Act's definition of average current earnings, that definition is unambiguous, and it does not provide for a present value adjustment. Birgen, 186 Wn. App. at 856-57, 859.

Here also, as mandated by the statute, the Department calculated the offset according to the Social Security Act and used Henderson's average current earnings as defined by that statute. The language of the applicable statutes precludes Henderson's theory that the offset should be calculated according to the Industrial Insurance Act's definition of wages.

In addition, Henderson failed to demonstrate that the Department should have used the higher income figure listed on his IRS 1099 form. The Department's Social Security offset specialist testified, and Henderson did not dispute, that the income total set forth on that document included unspecified amounts not subject to FICA taxes. The IRS 1099 form was thus insufficient to establish Henderson's average current earnings.

We further reject Henderson's claim that the Department lacked authority to reduce his workers' compensation benefits because the Department did not issue rules and procedures related to implementation of the offset. As explained, RCW 51.32.225 requires the Department to comply with the provisions set forth in RCW 51.32.220 (1)-(6) and to closely follow the intent of RCW 51.32.220. That statute instructs the Department to calculate the offset according to 42 U.S.C.

§ 424(a). That is exactly the procedure followed here.[3] Nothing more was required.

Contrary to Henderson's claim, the Department did not issue an order establishing his entitlement to receive the full amount of both his state and federal benefits. The July 2011 "Notice of Decision" simply provided that the "offset order dated 06/15/2011 is cancelled." According to the evidence presented at the Board hearing, the Department cancelled the initial offset order in reliance on Henderson's representation that he intended to forgo Social Security retirement benefits. Nothing in the July 2011 notice prohibited the Department from issuing a second offset order after Henderson rescinded his waiver of Social Security benefits.

Finally, Henderson appears to allege that evidentiary and procedural errors occurred at the hearing before the Board. However, his factual assertions are unsupported by the record and he failed to preserve his claims of error with respect to any of the issues he now attempts to raise. See Sepich v. Dep't of Labor & Indus., 75 Wn.2d 312, 316, 450 P.2d 940 (1969). We decline to further address these arguments.

In most cases, claimants must be satisfied when they receive all that the law allows them. Here, Henderson expresses great dissatisfaction even though he has received more than he was lawfully entitled to. Neither the law nor the equities call out for appellate relief.

---

[3] Contrary to Henderson's argument, the superior court did not make a finding that the Department has created a policy or "P&P" manual. But as the court noted, the Department's expert testified that he consults a "desk book" that sets forth the procedure for calculating the offset under the Social Security Act.

9

We affirm the judgment of the superior court.

_____
Dwyer, J.

We concur:

_____
Vellmure, C.J.

_____
Cox, J.