# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ZBIGNIEW M. LASKOWSKI, | No. 53064-3-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | |
| Respondent. | UNPUBLISHED OPINION |

WORSWICK, J. — Zbigniew Laskowski appeals the superior court's order affirming a Board of Industrial Insurance Appeals (Board) decision that the Department of Labor and Industries properly calculated Laskowski's workers' compensation disability benefits, which included an offset for social security disability benefits. Laskowski lists 35 assignments of error, but the only apprehensible arguments are whether Laskowski is entitled to annual time loss compensation cost of living adjustments (COLAs) and whether the Department relied on an incorrect effective date for his social security benefit offset. We hold that the superior court's order affirming the Board's decision was proper and affirm.

FACTS

Laskowski sustained an industrial injury on January 5, 2006. The Department allowed his workers' compensation claim and paid Laskowski time loss compensation benefits until February 1, 2008. The Department awarded Laskowski a partial permanent disability award and closed his claim on April 17, 2008. The Department reopened Laskowski's claim in 2010.

In August 2009, the Department received notice that Laskowski was receiving social security benefits in the amount of $867 per month. When a worker receives time loss compensation and social security disability payments for the same period of time, the Department must reduce the worker's time-loss compensation. RCW 51.32.220(1). On November 2, 2011, the Department notified Laskowski that it intended to offset the amount of time loss compensation benefits it paid him based on his receipt of social security disability benefits. The Department informed Laskowski that although the adjusted rate was effective as of September 1, 2009—when it received notice of Laskowski's social security benefits, the adjusted rate would not be implemented until December 1, 2011, as required by statute.[1] The Department also notified Laskowski that an overpayment had occurred and would be recovered for the period

---

[1] RCW 51.32.220(2) provides:

> Any reduction under subsection (1) of this section shall be effective the month following the month in which the department . . . is notified by the federal social security administration that the person is receiving disability benefits . . . : PROVIDED, That in the event of an overpayment of benefits the department . . . may not recover more than the overpayments for the six months immediately preceding the date the department . . . notifies the worker that an overpayment has occurred.

of June 4, 2011 through November 30, 2011, but that Laskowski could not be charged any overpayment for the period from September 1, 2009 through June 3, 2011.

The Department initially calculated Laskowski's compensation rate at $2,109.25 per month. Laskowski appealed the Department's order to the Board, which the Board affirmed. Laskowski appealed the Board's order to the superior court, and the superior court directed the Department to include additional wages Laskowski earned in 2006 in its calculation of Laskowski's wages.

On remand, the Department issued an order on February 17, 2015, recalculating Laskowski's compensation rate at $2,479.46 per month, based on his monthly social security disability benefits of $867.00 and 80 percent of his highest year's earnings, which the Department calculated to be $50,196.90 for 2006.

Laskowski appealed the Department's February 17 order to the Board, arguing that the Department failed to properly apply the State's annual COLAs to his compensation rate. The Board affirmed the Department's order, and Laskowski petitioned the superior court for review of the Board's August 2016 order. The superior court concluded that Laskowski's compensation rate was correct because the Department correctly calculated the offset to be applied to Laskowski's workers' compensation benefits based on his receipt of social security benefits. Accordingly, the superior court affirmed the Department's order.

Laskowski sought direct review by our Supreme Court of the superior court's order. The Supreme Court transferred the case to this court.

No. 53064-3-II

ANALYSIS

In his opening brief, Laskowski lists 35 assignments of error, of which 28 pertain to the Board's August 2016 order, which we do not review. *See* RCW 51.52.140. Many of Laskowski's arguments are difficult to discern and are inadequately briefed.[2] And we will not consider claims unsupported by references to the record or citation to authority. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); RAP 10.3. Accordingly, the only questions properly before us are whether the superior court erred by concluding that the Department properly calculated the amount of Laskowski's workers' compensation disability benefits after applying the social security offset, and whether the superior court erred by concluding that the Department used the correct effective date of that offset. We hold that the superior court's decision was correct.

I. STANDARD OF REVIEW

Our review of the superior court decision is governed by RCW 51.52.140. Unlike a typical appeal governed by the Administrative Procedure Act, chapter 34.05 RCW, in an appeal

---

[2] The entirety of Laskowski's argument section in his opening brief states:

> The argument narrows to three elements:
> 1. The date of the first calculation on November 02, 2011, not September 01, 2009, authorized by 42 U.S.C. 424a (7)(8), RCW 51.32.225(2) and RCW 51.32.220.
> 2. In assessing overpayment compliance with RCW 51.32.240(b) was abolished.
> 3. The Court should use calculation of benefits presented by Appellant in the absence of the alternative.

Br. of Appellant 19-20.

4

governed by the Industrial Insurance Act, Title 51 RCW, we do not sit in the same position as the superior court. *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180, 210 P.3d 355 (2009). Instead, we review the superior court's decision by determining "'whether substantial evidence supports the [superior] court's factual findings and then review, de novo, whether the [superior] court's conclusions of law flow from the findings.'" *Rogers*, 151 Wn. App. at 180 (quoting *Watson v. Dep't of Labor & Indus.*, 133 Wn. App. 903, 909, 138 P.3d 177 (2006)). We review the record in the light most favorable to the party who prevailed in superior court. *Rogers*, 151 Wn. App at 180.

## II. SOCIAL SECURITY OFFSET & STATE COLAs

Laskowski's primary argument appears to be that the Department erred by failing to apply State COLAs to his net workers' compensation benefits after accounting for an offset of his social security disability benefits. We disagree.

The Social Security Act allows the federal government to reduce the amount of social security disability benefits it pays to a worker under the age of 65 who also receives state disability benefits. 42 U.S.C. § 424a. 42 U.S.C. § 424a(d) contains an exception to the general offset rule: it allows for a "reverse offset" if a state passes enabling state legislation. *Frazier v. Dep't of Labor & Indus.*, 101 Wn. App. 411, 416, 3 P.3d 221 (2000). Such enabling legislation allows the worker to receive the full amount of social security benefits, but allows the state to reduce the amount of time loss compensation paid to the worker. *Frazier*, 101 Wn. App. at 416. Reverse offset provisions thus shift costs to the federal government. *Harris v. Dep't of Labor &*

*Indus.*, 120 Wn.2d 461, 469, 843 P.2d 1056 (1993). The legislature passed RCW 51.32.220 and RCW 51.32.225 in order to take advantage of this exception. *Frazier*, 101 Wn. App. at 416-17.

RCW 51.32.220 requires that a claimant's workers' compensation disability benefits be reduced by the amount that person receives in social security benefits, or by an amount calculated under 42 U.S.C. § 424a, whichever is less. This reduction is referred to as a social security offset. RCW 51.32.225. To calculate a claimant's workers' compensation disability benefits under RCW 51.32.220, the Department considers three amounts as identified in 42 U.S.C. § 424a(a)(8). The first amount is the social security total family benefit amount that is subject to offset. The second amount is the claimant's time loss compensation rate before the offset is applied. The third amount is 80 percent of the worker's "average current earnings" (ACE), which is the highest year's earnings within the five years preceding the year in which the worker became disabled. The offset is then subtracted from the highest of those three amounts.

Laskowski does not dispute that his ACE figure was based on his 2006 wages, which amounted to $50,196.90. As a result, his 80%-of-ACE figure amounted to $3,346.46 monthly. Laskowski also does not dispute that his 80%-of-ACE figure was properly offset by the amount of his monthly social security disability benefits payment—$867. After applying the offset to Laskowski's 80%-of-ACE figure, his monthly workers' compensation disability benefits amounted to $2,479.46.

But Laskowski contends that the $2,479.46 figure should be subject to Washington State COLAs. RCW 51.32.075 provides for annual adjustments to a claimant's time loss compensation rate effective July 1 of each year, based on the annual change to the average

monthly wage in the state.[3] These annual adjustments are referred to as COLAs. However, under RCW 51.32.220, 42 U.S.C. § 424(a) controls the calculation of benefits for a claimant who also receives social security disability benefits. And under 42 U.S.C. § 424(a), Laskowski's offset was calculated using his 80%-of-ACE figure and not by using his time loss compensation rate. This is because the 80%-of-ACE figure was higher than the time loss compensation rate.[4] 42 U.S.C. § 424(a) does not provide for a present value adjustment to an ACE figure.[5] *Birgen v. Dep't of Labor & Indus.*, 186 Wn. App. 851, 859, 347 P.3d 503 (2015).

### III. OFFSET IMPLEMENTATION DATE

Laskowski also appears to argue that the Department improperly relied on September 1, 2009, as the effective date for his social security offset. He contends that the proper date is November 2, 2011, which is when the Department notified him of the offset. This argument misapprehends the date the Department implemented the offset.

RCW 51.32.220(2) provides that an offset becomes effective the month after the month in which the Department learns that the claimant is receiving social security benefits. But this

---

[3] RCW 51.32.075(4) contains an exception for 2011, during which no COLA applied.

[4] As of September 1, 2009, Laskowski's time loss compensation rate before the offset amounted to $2,976.25, and his ACE figure was $3,346.46. A Department witness testified before the Board that between 2011—when the offset was implemented—and 2015, Laskowski's 80%-of-ACE figure remained higher than his time loss compensation rate even after accounting for the State COLAs.

[5] 42 U.S.C. § 424a(f) does require a triennial redetermination of the amount of a worker's benefits subject to an offset. In 2015, a triennial redetermination of Laskowski's ACE figure increased his ACE by $212.66. In his opening brief, Laskowski comments that this increase was made "without any explanation." Br. of Appellant at 17. But a Department witness testified before the Board that Laskowski's benefits increased in 2015 due to a triennial redetermination.

does not mean that the Department is necessarily entitled to recoup an overpayment from the effective date.  If an overpayment has occurred, the Department may recover the overpayment for only the six months preceding the date on which the Department notifies the claimant that an overpayment has occurred.  RCW 51.32.220(2).

Here, the Department properly relied on September 1, 2009, as the effective date for the social security offset because that is the date it learned Laskowski was receiving social security benefits.  However, the Department did not implement the offset or begin to recover overpayment until December 1, 2011, thus Laskowski's argument fails.

Accordingly, we affirm the superior court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Sutton, J.

_____
Cruser, J.