## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| APOLLONIA KWAN and WILLIAM KWAN, a married couple, KW&A LLC, a Washington limited liability company, JAS GROUP LLC, a Washington limited liability company, 8168 INVESTMENT LLC, a Washington limited liability company, and each of the foregoing derivatively on behalf of MOUNTLAKE VILLAGE LLC, a Washington limited liability company, and MOUNTLAKE 228 LLC, a Washington limited liability company, | No. 83693-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |
| Respondents, | |
| v. | |
| ALAN B. CLARK and LYNN CLARK, a married couple, KYLE CLARK and JANE DOE CLARK, a married couple, GREENSPACE INC., a Washington corporation, GREENSTREET LLC, a Washington limited liability company, FIRST HILL PARTNERS LLC, a Washington limited liability company, FIRST HILL PROPERTIES LLC, a Washington limited liability company, EAST HILL SUMMIT LLC, a Washington limited liability company, and ARCA, a Washington limited liability company, | |
| Appellants, | |

No. 83693-5-I/2

MLV3-23258 LLC, a Washington
limited liability company, MLT
GALLERIA 228 LLC, a Washington
limited liability company,

              Defendants,

STUART P. KASTNER, PLLC, as
Receiver,

              Respondent.

MANN, J. — Alan and Lynn Clark and various entities owned or controlled by the Clarks (Clark entities, collectively Clarks)[1] appeal an arbitration award and judgments entered ancillary to a receivership action brought by respondents Apollonia and William Kwan, JAS Group LLC, and 8168 Investment LLC (collectively, Kwan group). The Clarks contend that the trial court improperly awarded prejudgment interest and erred in apportioning all costs of the receivership on one party contrary to chapter 7.60 RCW. We remand to strike prejudgment interest on Judgment 1 and the apportionment of receivership costs. We otherwise affirm.[2]

I.

In February 2019, the Kwan group sued the Clarks[3] over investments by the Kwan group in three real property investments formed by the Clarks.[4] The Kwan group

---

[1] The Clark entities include: Greenspace Inc., Greenstreet LLC, First Hill Partners LLC, First Hill Properties LLC, MLV3-23258 LLC, MLT Galleria 228 LLC, and East Hill Summit LLC.

[2] In their opening brief, the Clarks assigned error to several grounds related to the receivership, including appointment of the receiver and actions taken by the receiver to appoint and terminate special counsel. In their reply brief, the Clarks concede that these issues are not properly before this court at this time.

[3] The Kwan Group also named Kyle Clark and Natalie Brager (Jane Doe Clark) in the complaint. No argument or briefing was filed on behalf of judgment debtor Kyle Clark, Natalie Brager, and their marital community. They concede the appeal.

[4] The properties and related investment entities were: (1) 23120 56th Avenue West, Mountlake Terrace owned by Mountlake Village LLC; (2) 906 and/or 910 Boylston Avenue, Seattle, owned by

-2-

alleged conversion, breach of implied and express contract, breach of fiduciary duties, quiet title, an accounting, and constructive trust. The Kwan group also requested the appointment of a general receiver.

The Kwan group moved for an order to show cause why a general receiver should not be appointed over two of the Clark entities: Greenstreet LLC, and Greenspace Inc. The motion asserted that the Kwan group held title to properties or interest in danger of being lost or materially dissipated and that the Clarks were insolvent and unable to pay debts. The trial court entered an order for a forensic accounting of the alleged investment entities, enjoined all parties from transferring or encumbering assets in the dispute, and continued the hearing on the appointment of a receiver pending a preliminary accounting and evidentiary hearing.

After an evidentiary hearing, the trial court ordered that all of the disputed entities be placed into a general receivership and appointed Stuart Kastner as the receiver. The court determined that "[the Kwan group] have shown a probable right to or interest in the properties that are subject of this action" and that "such properties are in the possession or under the control of the [Clarks] and in danger of being lost or materially injured or impaired."

The parties entered into an arbitration agreement, stipulation and order for arbitration. The agreement submitted all claims by and against all parties in the receivership. A 17-day arbitration was held before Judge John P. Erlick, ret. The

_____

Greenspace; and (3) 22802 44th Avenue W, Mountlake Terrace, owned by Mountlake 228 LLC. The Kwan group are members of Mountlake Village LLC and Mountlake 228 LLC.

arbitrator issued its final 47-page findings of fact and conclusions of law on November 12, 2021 (arbitration award). The arbitration award included a proposed final judgment.

The Kwan group moved the trial court for an order confirming the arbitration award. The Clarks moved to vacate or modify the arbitration award. The trial court denied the Clarks' motion to vacate and instead granted Kwan group's motion to confirm the arbitration award. The Kwan group then noted for presentation a proposed final judgment containing redlines of all adjustments and updates to the arbitrator's proposed judgment. The Clarks objected to the allocation of the costs of the receivership to themselves, and the award of prejudgment interest in the judgment. The trial court entered the final judgment as proposed by the Kwan group.

The Clarks appeal.

II.

The Clarks argue that the trial court erred in awarding prejudgment interest because the arbitration award did not award prejudgment interest. We agree as to Judgment 1, not Judgment 2.

"Judicial scrutiny of an arbitration award is strictly limited; courts will not review an arbitrator's decision on the merits." Westmark Props., Inc. v. McGuire, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989). A trial court may not award prejudgment interest where the same was not made by the arbitrator. Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 170-71, 273 P.3d 965 (2012). Adding prejudgment interest is part of the merits of the controversy in the arbitration, therefore, it is "forbidden territory for a court" confirming the award. Elcon Constr., Inc., 174 Wn.2d at 170-71.

-4-

Consistent with the arbitration award, the final judgment included two separate judgments. Judgment 1 was entered against Alan and Lynn Clark and the Clark entities and awarded $414,026 to Kwan, $1,614,026 to the JAS group, and $1,796,410 to 8168 Investments. These amounts track the arbitration award. The trial court also awarded prejudgment interest on Judgment 1 "from sale dates through February 25, 2022, to continue through judgment date" at $144,468.93, $338,967.56, and $414,339.44 respectively. The arbitration award did not provide for these prejudgment interest amounts, nor did the trial court explain how these amounts were calculated.

Judgment 2 was entered against Kyle Clark and Natalie Brager (Clark) and awarded Mountlake 228 LLC $103,448. This also tracks the arbitration award. The trial court also awarded prejudgment interest of "$24,521.43 [ ] through February 25, 2022 and accruing thereafter." This followed the arbitration award which included prejudgment interest: "respondents Clark owe $103,000 plus prejudgment interest at the statutory rate of 5.25% from the time of payment of these funds to Kyle Clark on the sale of the HandyMart property to Mountlake 228." The arbitrator's worksheet also reflected prejudgment interest for Judgment 2.

The Kwan group argues that "with the exception of some specific amounts and time period specified in the [arbitration award], the Arbitrator did award prejudgment interest to Respondents." The Kwan group cites several of the arbitrator's findings—but none of the cited references include an award of prejudgment interest. The Kwan group also cites the arbitrator's proposed form of judgment as evidence of an award of prejudgment interest—but the proposed form leaves blank any amount for prejudgment

interest on Judgment 1. In contrast, the proposed form of judgment for Judgment 2 includes a specific amount owed for prejudgment interest.[5]

The Kwan group argues that the arbitration award states which values do not receive prejudgment interest, and so because the arbitrator provided a place for prejudgment interest on the proposed worksheet, it was proper for the trial court to award prejudgment interest on values not specifically excluded. This is incorrect.

A trial court cannot impose prejudgment interest not imposed in the arbitration award. Elcon Constr., Inc., 174 Wn.2d at 170-71. The arbitrator specifically included prejudgment interest on unpaid consulting fees. While the arbitrator also determined specific awards do not receive prejudgment interest, the exclusion of that statement elsewhere does not create a right for the trial court to impose prejudgment interest. The trial court's imposition of prejudgment interest in Judgment 1 contributes to the merits of the controversy and is outside the trial court's authority. Elcon Constr., Inc., 174 Wn.2d at 170-71. We remand to strike prejudgment interest on Judgment 1.

III.

The Clarks argue that the trial court exceeded its authority by apportioning all costs of the receivership on them in conflict with chapter 7.60 RCW. We agree.[6]

Statutory interpretation is a question of law that we review de novo. Beal Bank, SSB v. Sarich, 161 Wn.2d 544, 547, 167 P.3d 555 (2007). The court's goal is to

_____

[5] The Kwan group also argues that the arbitrator intended to impose prejudgment interest because the award states that these calculations would be required "to be updated through the time any judgment is entered on this Ruling." That is misleading. The award states, "[t]he financial analyses of the investments, claims and offsets as to the Claimants, Clarks and Respondent Entities contained in Exhibits 1 though Exhibit 4 attached, to be updated through the time any judgment is entered on this Ruling." The arbitrator is not referring to prejudgment interest specifically.

[6] The Clarks also argue the issue of apportionment of costs was not submitted to arbitration. Because we conclude that the apportionment conflicted with statute, we do not address the Clarks' claim that the issue was not submitted to arbitration.

determine the legislature's intent. Birgen v. Dep't of Lab. & Indus., 186 Wn. App. 851, 857, 347 P.3d 503 (2015). To do so, we look to the "plain language of the statute and consider the meaning of the provision at issue, the context of the statute, and related statutes." Umpqua Bank v. Shasta Apts., LLC, 194 Wn. App. 685, 693, 378 P.3d 585 (2016). If the statute is unambiguous, we apply the plain language meaning. Birgen, 186 Wn. App. at 857-58.

"[W]e generally decline to read into the statute what is not there." Umpqua Bank, 194 Wn. App. at 693-94. We do not include words where the legislature chose not to and we construe the statute assuming the legislature meant exactly what it said. Birgen, 186 Wn. App. at 858. "Legislative inclusion of certain items in a category implies that other items in that category are intended to be excluded." Landmark Dev., Inc. v. City of Roy, 138 Wn.2d 561, 571, 980 P.2d 1234 (1999) (quoting Bour v. Johnson, 122 Wn.2d 829, 836, 864 P.2d 380 (1993)). "Where a statute specifically designates the things or classes of things upon which it operates, an inference arises in law that all things or classes of things omitted from it were intentionally omitted by the legislature under the maxim expressio unius est exclusio alterius—specific inclusions exclude implication." Landmark Dev., Inc., 138 Wn. 2d at 571 (quoting Wash. Nat. Gas Co. v. Pub. Util. Dist. No. 1, 77 Wn. 2d 94, 98, 459 P.2d 633 (1969)).

RCW 7.60.055 gives the trial court broad discretion over receiverships:

[T]he court in all cases has exclusive authority over the receiver, and the exclusive possession and right of control with respect to all real property and all tangible and intangible personal property with respect to which the receiver is appointed, wherever located, and the exclusive jurisdiction to determine all controversies relating to the collection, preservation, application, and distribution of all the property, and all claims against the

receiver arising out of the exercise of the receiver's powers or the performance of the receiver's duties.

But, RCW 7.60.290(5) specifically limits the court's authority in apportioning costs of the receivership:

If the court determines that the appointment of the receiver was wrongfully procured or procured in bad faith, the court may assess against the person who procured the receiver's appointment (a) all of the receiver's fees and other costs of the receivership and (b) any other sanctions the court determines to be appropriate.

The Kwan group procured the receiver's appointment, not the Clarks. It therefore follows that the Clarks, as the defendants in the action, could not procure the receivership wrongfully or in bad faith. RCW 7.60.290 is unambiguous. The legislature determined that full costs of the receivership may be imposed on one party if the receivership was procured wrongfully or in bad faith. Because the Clarks did not procure appointment of the receiver, the trial court erred in apportioning the cost of the receiver against the Clarks. We remand to strike the court's apportionment of receivership costs.

IV.

The Kwan group argues that because the Clarks' appeal is frivolous, they are entitled to reasonable attorney fees and costs on appeal. We disagree.

RAP 18.9(a)[7] authorizes this court to order a party who files a frivolous appeal to pay terms or compensatory damages to the harmed party. An appeal is frivolous "if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so

_____

[7] The Kwan group also includes RAP 18.1, however, they do not brief what applicable law grants the award of attorney fees or costs.

devoid of merit that there is no possibility of reversal." <u>Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.</u>, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). The Clarks successfully demonstrated that the trial court erred in awarding prejudgment interest when the arbitrator did not and that the trial court exceeded its authority in apportioning all receivership costs on the Clarks. We decline to award attorney fees.

We remand to strike prejudgment interest on Judgment 1 and the apportionment of receivership costs. We otherwise affirm.

_____Mann, J._____

WE CONCUR:

_____Chung, J._____          _____Dwyer, J._____