IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| LARRY D. CAMPBELL,<br><br>     Appellant,<br><br>  v.<br><br>AT&T, INC.; and THE DEPARTMENT OF LABOR & INDUSTRIES, State of Washington,<br><br>     Respondents. | No. 85100-4-I<br><br><br><br>UNPUBLISHED OPINION |

BOWMAN, J. — Larry Campbell appeals a superior court order affirming a Board of Industrial Insurance Appeals (Board) decision denying his workers' compensation claim for major depressive disorder (MDD). Campbell asserts that the superior court failed to appropriately consider his testimony and medical evidence, leading to an inequitable result. Because substantial evidence supports the superior court's decision, we affirm.

FACTS

On November 19, 2016, 57-year-old Campbell sustained an industrial injury to his back while working for his employer, AT&T Inc. Prior to the accident, Campbell led an active life and did not suffer from significant physical or mental health problems. The Department of Labor and Industries (Department) allowed his workers' compensation claim, and in June 2017, Campbell underwent back surgery. The surgery reduced his pain but did not resolve it. In 2018, Campbell

attended Pacific Rehabilitation Center, a multidisciplinary treatment clinic that helps patients manage pain. Campbell found the treatment "somewhat helpful" and it allowed him to improve his overall functioning. But Campbell continued to experience "depressed mood" and "feelings of uselessness."

On August 20, 2020, the Department ordered AT&T "to accept [MDD] as related to [Campbell's] injury." AT&T protested the order. On January 12, 2021, the Department issued a superseding order stating AT&T was not responsible for the condition of MDD "because it was not caused or aggravated by [Campbell's] industrial injury." On March 16, 2021, the Department affirmed the order. On April 19, 2021, Campbell appealed the Department's March 16, 2021 order to the Board.

An industrial appeals judge (IAJ) held a telephonic evidentiary hearing on January 5, 2022. Campbell testified at the hearing and presented the deposition testimony of psychiatrist Dr. Cassie Yu, who conducted an independent medical examination (IME) of Campbell to determine the presence or absence of psychiatric illness.

Campbell testified that he is still in constant pain and often feels depressed and "useless" because the pain prevents him from functioning as well as he did before the industrial injury. He said that he is "tired all the time," "miserable," unmotivated in his daily activities and hobbies, "moody" with his wife, and does not go fishing with his friends as often as he used to. He also said that his wife and daughter told him that his memory is not as good as it used to be.

Campbell admitted he was reluctant to reveal his depression to others but he was open and honest with Dr. Yu because she made him feel comfortable.

Dr. Yu testified about her IME report, issued June 6, 2020.[1]  Her initial impression was that Campbell was doing well.  He appeared "funny and reserved" with "excellent eye contact" and "articulate [ ] speech and language."  Campbell insisted that he did not have major depression and that his memory was "very strong."  But after more questioning, Campbell reported insomnia, low appetite, lethargy, feeling worthless, and "passive suicidal death wishes," which Dr. Yu viewed as "marked neurovegetative symptoms" consistent with MDD.  As part of a "mini mental status examination" (MMSE), Dr. Yu asked Campbell to count backward by 7 starting with the number 100.  She also asked him to recall three words after three minutes of unrelated discussion.  Campbell completed the first test with one error and failed the second.

Dr. Yu concluded that the MMSE results combined with Campbell's reports of depressed mood indicated the presence of "pseudodementia," which she could only explain as MDD.  Dr. Yu stated that Campbell was positive for eight of nine major depression symptoms[2] in the DSM-5[3] and diagnosed him with

---

[1] Dr. Yu also reviewed Campbell's medical history as part of the IME.

[2] Dr. Yu testified that the nine symptoms of MDD are (1) reports of depressed mood most of the day, (2) marked disinterest or pleasure in previously enjoyed activities, (3) significant weight loss or weight gain, (4) insomnia or hypersomnia, (5) fatigue or loss of energy every day, (6) psychomotor agitation or retardation, (7) self-concept high to the point of near delusion, (8) decreased ability to concentrate, and (9) recurrent thoughts of death.

[3] AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (5th ed. 2013).

MDD proximately caused by his industrial injury on a more probable than not basis.

AT&T presented the deposition testimony of psychiatrists Dr. Paul Ciechanowski, Dr. Jean Dalpe, and Dr. Michael Ward. Dr. Ciechanowski and Dr. Dalpe performed IMEs of Campbell and Dr. Ward conducted a forensic records review.[4] None of the doctors found the presence of a psychiatric condition and all three disagreed with Dr. Yu's diagnosis of MDD.

On April 8, 2022, the IAJ issued a detailed proposed decision and order with findings of fact and conclusions of law. The IAJ concluded that as of March 16, 2021, the date the Department affirmed its order, Campbell "did not have the psychiatric condition of major depression as a residual condition of his industrial injury." Because the Department issued its order based on the finding that Campbell had MDD but the condition "was not caused or aggravated by the industrial injury," the IAJ reversed and remanded to the Department to reject the claim on the basis that Campbell "did not have" MDD.

Campbell petitioned the Board to review the IAJ's decision and the Board accepted review. On June 7, 2022, the Board issued an order denying Campbell's petition for review and adopting the IAJ's proposed decision and order as its own.

Campbell appealed the Board's decision to the superior court. On February 10, 2023, the superior court issued an order on judicial review affirming

---

[4] All three doctors also reviewed Campbell's medical history. Dr. Ward's review included the three IMEs of Dr. Yu, Dr. Ciechanowski, and Dr. Dalpe and the depositions of Dr. Yu and Dr. Dalpe.

the Board's decision because it "acted within its power," "correctly construed the law," and "correctly found the facts."

Campbell appeals.

ANALYSIS

The Industrial Insurance Act (IIA), Title 51 RCW, governs judicial review of workers' compensation determinations. *Rogers v. Dep't of Lab. & Indus.*, 151 Wn. App. 174, 179, 210 P.3d 355 (2009). The superior court acts in an appellate capacity in an appeal from the Board's decision and reviews the decision de novo. RCW 51.52.115; *Rogers*, 151 Wn. App. at 179. The Board's decision is prima facie correct and the opposing party must support its challenge by a preponderance of the evidence. RCW 51.52.115; *Ruse v. Dep't of Lab. & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999).

We review the decision of the superior court, not the decision of the Board. *Birgen v. Dep't of Lab. & Indus.*, 186 Wn. App. 851, 856, 347 P.3d 503 (2015); *see* RCW 51.52.140. The superior court's decision is subject to the ordinary standard of review for civil appeals. RCW 51.52.140; *Malang v. Dep't of Lab. & Indus.*, 139 Wn. App. 677, 683, 162 P.3d 450 (2007). We review the record to determine " 'whether substantial evidence supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings.' " *Rogers*, 151 Wn. App. at 180[5] (quoting *Ruse*, 138 Wn.2d at 5). Substantial evidence is enough evidence to persuade a fair-minded, rational person of the truth of the declared premise. *Potter v. Dep't of*

---

[5] Internal quotation marks omitted.

*Lab. & Indus.*, 172 Wn. App. 301, 310, 289 P.3d 727 (2012).  We review the record in the light most favorable to the party that prevailed in superior court. *Robinson v. Dep't of Lab. & Indus.*, 181 Wn. App. 415, 425, 326 P.3d 744 (2014).  And we do not reweigh or rebalance competing testimony and inferences. *Harrison Mem'l Hosp. v. Gagnon*, 110 Wn. App. 475, 485, 40 P.3d 1221 (2002).

Here, viewing the evidence in the light most favorable to AT&T, we conclude substantial evidence in the record supports a finding that Campbell did not have the condition diagnosed as major depression as of March 16, 2021.  Dr. Ciechanowski, Dr. Dalpe, and Dr. Ward acknowledged that Campbell's life was altered by his industrial injury and that he sometimes experienced symptoms such as depressed mood.  But they agreed that his symptoms did not cross the threshold to support a DSM-5 diagnosis of MDD.  They testified that many of Campbell's symptoms were generated by his chronic pain from the industrial injury, not due to a psychiatric condition.  In this context, they noted the DSM-5 specifies that if symptoms are attributable to another condition like chronic pain, those symptoms cannot be used to diagnose MDD.  They also found that Campbell's demeanor and engagement during his IMEs indicated a level of functioning not attributable to major depression and that sadness is a "normal" part of life.  All three doctors also disagreed with Dr. Yu's assessment of pseudodementia because the MMSE she administered is insufficient as a diagnostic tool and she misinterpreted the results.

Campbell does not assert that the superior court's finding was unsupported by substantial evidence. Instead, he argues that the lower court failed to provide the "appropriate weight" to his medical evidence based on its assessment of the credibility of the independent medical examiners. He contends that Dr. Yu's testimony was more credible because her in-person IME provided a more complete opportunity to assess his condition, while Dr. Dalpe performed the IME remotely and Dr. Ward merely conducted a records review. But Campbell effectively asks us to reweigh the evidence, make credibility determinations, and construe the evidence in the light most favorable to him. And as discussed above, we will not do so. *See also McClure & Sons, Inc. v. Dep't of Lab. & Indus.*, 16 Wn. App. 2d 854, 861, 487 P.3d 186 (2021) (appellate court does not weigh the evidence but instead construes it in the light most favorable to the prevailing party).

Campbell's reliance on *Price v. Department of Labor and Industries*, 101 Wn.2d 520, 682 P.2d 307 (1984), does not compel a different outcome. In *Price*, the court addressed whether a claim for workers' compensation for a psychological disability may be awarded based on expert medical testimony about wholly subjective symptoms or whether the medical testimony must include at least some objective findings. *Id.* at 521. The court concluded that a jury instruction on the distinction between objective and subjective evidence was improper. *Id.* at 529. In so holding, the court noted that "[m]edical opinions derived from psychiatric examination are primarily based on conversations with the patient" and that "[s]ymptoms of psychiatric injury are necessarily subjective

7

in nature." *Id.* at 528. *Price* provides no support for the proposition that Dr. Dalpe's and Dr. Ward's findings were of limited evidentiary value just because the doctors did not interact with Campbell in person.[6]

Campbell also argues that the superior court did not adequately consider his own testimony about his condition, so it failed to defer to the IIA's presumption in favor of the worker. *See* RCW 51.04.010. He points out that unlike the other three doctors, he felt comfortable being open and honest with Dr. Yu about his depression. He further argues that the superior court's decision is inequitable because his symptoms fluctuate over time, yet he is forever barred from the claim.

The IIA is construed liberally in favor of injured workers to achieve the legislature's intent to provide compensation to all covered employees injured in their employment. RCW 51.04.010; *Dennis v. Dep't of Lab. & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987). But this court applies the liberal rule of construction to interpretation of the IIA, not to questions of fact. *Value Vill. v. Vasquez-Ramirez*, 11 Wn. App. 2d 590, 595-96, 455 P.3d 216 (2019) (citing *Ehman v. Dep't of Lab. & Indus.*, 33 Wn.2d 584, 595, 206 P.2d 787 (1949)). And because AT&T prevailed below, Campbell bears the burden of supporting his challenge by a preponderance of the evidence. *Ruse*, 138 Wn.2d at 5. As discussed above, substantial evidence in the record supports a finding that Campbell did not have the condition diagnosed as MDD as of March 16, 2021.

---

[6] Dr. Dalpe testified that the American Psychiatric Association allows psychiatric examinations to be conducted via "telehealth" video conferencing.

We affirm the superior court's order on judicial review affirming the Board's decision.

_Brennan, J_

WE CONCUR:

_Díaz, J._                              _Mann, J._